(December 29, 1925.)

LARGILLIERE COMPANY, BANKERS, a Corporation, Appellant, v. LOUIS KUNZ, Respondent.

[244 Pac. 404.]

Election of Remedies—Defined—When Applicable—Pleading and Practice—Replevin — Claim and Delivery—Trover—Judgment in—Effect on Title to Property.

1. Election of remedies is the right of a party in an action to choose one of two or more coexisting remedial rights, where such rights arise out of the same facts; but the term is generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to or a repudiation of the other.

2. In order to apply the doctrine of election of remedies to a party, he must have actually had at his command two inconsistent remedies.

3. An election of remedies is any decisive act of a party, with knowledge of his rights and of the facts, that indicates an intent to pursue one remedy rather than the other.

4. The statutory action of claim and delivery partakes of the nature of the common-law action of replevin because it con-

1. Election of remedies, resort to one remedy as bar to prosecution of another, see note in 1 **Am. St.** 626. See, also, 9 **R. C. L.** 958.

2. Inconsistency of remedies as essential to application of doctrine of election of remedies, see note in 6 **Ann. Cas.** 212. See, also, 9 **R. C. L.** 958.

4. See 23 **R. C. L.** 856.

templates the recovery of the specific property claimed, when possible, and also of the action of trover in that it allows a recovery for the value of the property, in the alternative, when a recovery of the specific property cannot be had.

5. A judgment in conversion for the wrongful taking of personal property that has been removed from the state by a trespasser does not transfer the title to the property. If such property is returned, the owner may maintain an action in claim and delivery for its recovery, as the title remains in the owner until he receives satisfaction.

APPEAL from the District Court of the Fifth Judicial District, for Caribou County. Hon. O. R. Baum, Judge.

Action in claim and delivery. Judgment for defendant. *Reversed and remanded.*

R. J. Dygert, for Appellant.

Where the remedies are inconsistent it is the election of one of such remedies which operates as a bar, but where the remedies afforded are consistent it is the satisfaction of the claim which operates as a bar. (20 C. J. 8; *Sweet v. Montpelier Savings Bank, etc.,* 69 Kan. 641, 77 Pac. 538.)

"In order to apply the doctrine of the election of remedies the party must actually have at command two inconsistent remedies." (*Elliott v. Collins,* 6 Ida. 266, 55 Pac. 301; *Whitley v. Spokane etc. R. Co.,* 23 Ida. 642, 132 Pac. 121; *Boise Dev. Co. v. Boise City,* 30 Ida. 675, 167 Pac. 1032; *Bistline v. United States,* 229 Fed. 546, 144 C. C. A. 6; *Greenhall v. Carnegie Trust Co.,* 180 Fed. 812; *Agar v. Winslow,* 123 Cal. 587, 69 Am. St. 84, 56 Pac. 422; *Roy v. Vaughan,* 100 Wash. 345, 170 Pac. 1019; *Miller v. Miller (Hyde),* 161 Mass. 472, 42 Am. St. 424, 37 N. E. 760, 25 L. R. A. 42.)

But there is no inconsistency between different remedies all of which are based upon claim of title to property in plaintiff, as where plaintiff brought replevin and obtained partial relief he was not precluded from bringing a subsequent action for balance due. (*Smith v. Harrington* (Ida.),

5. Title to property as passing by judgment in trover, see notes in 11 Am. Dec. 523; 15 Ann. Cas. 454. See, also, 26 R. C. L. 1157.

238 Pac. 530; *Bent v. Barnes,* 90 Wis. 631, 64 N. W. 428; *Crockett v. Miller,* 112 Fed. 729, 50 C. C. A. 447; *Gillett v. Landis,* 7 Rob. (La.) 332; *Townsend v. Sparks,* 50 S. C. 380, 27 S. E. 801; *Spaulding Mfg. Co. v. Board of Commrs.,* 63 Colo. 438, 168 Pac. 34.)

D. C. Kunz, for Respondent.

Appellant sought to recover under an implied contract and thus made a binding election of remedies. (*Whilden v. Merchants' etc. Nat. Bank,* 64 Ala. 1, 38 Am. Rep. 1; *Thompson v. Strauss,* 29 Hun (N. Y.), 256; *Chambers v. Lewis,* 2 Hilt. (N. Y.), 591; *Central Gas etc. Co. v. Sheridan,* 1 Misc. 386, 22 N. Y. Supp. 76; *Lane v. Frawley,* 102 Wis. 373, 78 N. W. 593; *Peutt v. Edwards,* 17 Ga. App. 645, 88 S. E. 36; *Wright etc. Co. v. Robison,* 79 Minn. 272, 82 N. W. 632; *Thomson v. Howard,* 31 Mich. 309; *Oregon Mill etc. Co. v. Hyde,* 87 Or. 163, 169 Pac. 791; *Jirou v. Jirou* (Tex. Civ. App.), 136 S. W. 493; *Corey v. Struve,* 170 Cal. 170, 149 Pac. 48.)

An action under implied contract for the value of property, prosecuted to judgment, is inconsistent with an action for claim and delivery of the same property. (20 C. J., sec. 19, p. 28; 3 Cal. Jur., sec. 5, p. 374; Pomeroy, Code Remedies, 4th ed., sec. 460; *Bernhard v. Idaho Bank & Tr. Co.,* 21 Ida. 598, Ann. Cas. 1913E, 120, 123 Pac. 481; *Smith v. McCarthy,* 39 Kan. 308, 18 Pac. 204; *Roberts v. Evans,* 43 Cal. 380; *Betchel v. Chase,* 156 Cal. 707, 106 Pac. 81; *Lehmann v. Schmidt,* 87 Cal. 15, 25 Pac. 161; *Ireland v. Waymire,* 107 Kan. 384, 191 Pac. 304; *Morse v. La Crosse Milling, Grain & Ice Co.,* 116 Kan. 697, 229 Pac. 366; *Daniels v. Foster & Kleiser,* 95 Or. 502, 187 Pac. 627.)

WILLIAM A. LEE, C. J.—Appellant is a domestic corporation engaged in the banking business at Soda Springs, Caribou county, Idaho. On August 16, 1922, it held a chattel mortgage on 240 head of sheep that were being kept by the mortgagor on a ranch in Bonneville county, about ten miles north of the town of Freedom, this town being divided by the Idaho-Wyoming state line. On this date the mort-

41 Idaho—49

gagor and appellant agreed upon the value of these sheep and that such value should be credited upon the mortgage indebtedness, and thereupon appellant took possession of the sheep. On August 21st thereafter, the Freedom State Bank, a Wyoming corporation, with its principal place of business at Freedom, on the Wyoming side, seized 77 head of these sheep under a claim of right by virtue of a chattel mortgage which it held on that number, and drove them into Wyoming. The Freedom State Bank sold these sheep to respondent Kunz, who returned them to this state, placing them in the Fish Pond Feed Yard, at Soda Springs, in said Caribou county, where they were taken from him in this action of claim and delivery.

Prior to these 77 head of sheep being returned to this state, appellant prosecuted to judgment an action against the Freedom State Bank for having converted them to its use, and also for damages for the one killed in committing the trespass.

The ewes seized and taken into Wyoming were alleged to be of the reasonable value of $10 per head, the lambs $8.00, and the ewe killed by the dogs $10. Plaintiff in that action placed its damages at $706, the market value of the sheep driven away and of the one killed. Judgment for that amount was given in that action. It does not appear how plaintiff obtained service upon defendant, a foreign corporation, but it is conceded that a personal judgment was entered against the Freedom State Bank in favor of appellant equivalent to the value of the animals taken, and that this judgment is wholly unsatisfied. This cause was tried by the court without a jury upon stipulation of facts.

Appellant contends that the remedy against the Freedom State Bank in the former action is not inconsistent with the remedy of claim and delivery in this action. Respondent insists that the bringing of that action was an election of remedies that bars a recovery in this, and the learned trial judge appears to have so held. The findings and conclusions were waived, but the memorandum decision, directing judgment for defendant, states:

"Plaintiff undoubtedly in its former action sought to treat the action as one wherein the defendant by taking possession of the sheep was under implied obligation to make payment of the value thereof and accordingly took judgment under that theory, and not having been able to realize on the judgment, now seeks to treat the transaction otherwise and recover the identical property for which they sought in the former action to recover the value, which they are undoubtedly debarred from doing."

From the judgment for defendant this appeal is taken upon the single assignment that the court erred in concluding as a matter of law that the plaintiff had elected its remedy in the former action and is barred from any relief in this action. Appellant asserts that the only proposition of law involved in this case is the question of election of remedies. Respondent's contention is that the court did not err in holding that appellant in the former action had sought to recover under implied contract and had thus made a binding election of remedies; that an action upon an implied contract for the value of the property, prosecuted to judgment, is inconsistent with the bringing of an action thereafter in claim and delivery for the same property.

If appellant's action against the Freedom State Bank for a money judgment had been an action in *assumpsit*, it would have been an election of a remedy inconsistent with the action of claim and delivery which appellant now seeks to maintain in this action. Where one has been wrongfully deprived of his property, he may waive the tort and sue for the reasonable value of the property so taken, upon the agreement which the law implies against the wrongdoer that he must pay its reasonable value. In such case the title to the property passes from the owner to the wrongdoer by the election of the owner to treat the transaction as a sale on his part, and it would be inconsistent for him to thereafter seek to recover possession of the specific property, although he may not have had satisfaction of the money judgment which he obtained for its conversion.

It is clear from the record in this case that the former action was not in *assumpsit,* but was an action to recover

damages for the conversion of these sheep. Among other things, the complaint alleges that the Freedom State Bank "did on the 21st day of August, 1922, take and carry away 40 head of said ewes and 37 head of said lambs and did drive all of said sheep into the state of Wyoming and did on said day dog and drive the remainder of said sheep and did cause one other of said ewes to be bitten by their dog, fatally, . . . . that all of said hereinabove described sheep were on the said 21st day of August, 1922, converted by the said defendant to their own use. . . . . That this plaintiff was damaged on the 21st day of August, 1922, by reason of the taking, carrying away and killing of said sheep in the sum of Seven Hundred Six Dollars, no part of which has been paid." The complaint in that action alleges all facts necessary to state a cause of action in conversion.

Election of remedies is the right of a party in an action to choose one of two or more coexisting remedial rights, where such rights arise out of the same facts; but the term is generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to or a repudiation of the other. (20 C. J. 2, sec. 1.) As a general rule an election of remedies is any decisive act of a party, with knowledge of his rights and of the facts, that indicates an intent to pursue one remedy rather than the other. To a proper application of this rule at least three things are essential: (1) There must be in fact two or more coexisting remedies between which the party has the right to elect; (2) the remedies thus open to him must be inconsistent; and (3) he must, by actually bringing his action or by some other decisive act, with knowledge of the facts, indicate his choice between two inconsistent remedies. Where the remedies are so inconsistent that the pursuit of one necessarily involves or implies the negation of the other, the party who deliberately and with full knowledge of the facts invokes one of such remedies, is said to have made his election, and cannot thereafter have the benefit of the other. (Id., sec. 18.)

In *Whitley v. Spokane etc. Ry. Co.*, 23 Ida. 642, 132 Pac. 121, it is said that in order to apply the doctrine of election

of remedies to a party, he must actually have had at his command two inconsistent remedies.

The learned trial judge was in error in holding that the first action was upon an implied obligation to pay the value of the property wrongfully taken. Instead of that action being in *assumpsit*, it was in trespass. The complaint alleges all facts necessary to state a cause of action in conversion, or as the same was known at common law, in trover, that being an action to recover for the value where a recovery of the specific property could not be had.

Replevin, at common law, is a proceeding by which the owner recovers possession of his own and is one of the most ancient and well-defined writs known to the common law. As the writ was first known, it was limited to the recovery for an unlawful taking and deprivation of personal property so far as recovering the specific article was concerned, but the action was so useful that it was extended to nearly all cases of unlawful caption and detention of chattels, where it was sought to recover the chattels in specie, and it still remains essentially an action to recover the possession of chattels as distinguished from an action in trespass or trover to recover damages for the seizure or for the value of the property. (23 R. C. L. 854, sec. 1.) The action is founded on a tortious taking and detaining and is analogous to an action of trespass, but is in part a proceeding *in rem* to regain possession of the goods and chattels; and in part a proceeding *in personam* to recover for the caption and detention, and therefore, a possessory action, the gist of which is the right of possession in the plaintiff and the wrongful seizure and detention by defendants, and the primary relief sought is the return of the specific property, the damages being merely incidental. (Id. 854, sec. 2.)

The statutory action of claim and delivery partakes of the nature of the old action of replevin in that it contemplates the recovery of the specific property claimed, when possible. (*McLaughlin v. Piatti*, 27 Cal. 451; *Ficiotto v. Clement*, 94 Cal. 105, 29 Pac. 414; *Berry v. Bank of Bakersfield*, 177 Cal. 206, 170 Pac. 415; *Moser v. Jenkins*, 5 Or. 447; 5 Cal. Jur. 155, sec. 1.)

In claim and delivery the judgment is in the alternative for the purpose of fixing the value so as to afford a measure of relief where the property is not or cannot be returned and the unsuccessful party can be compelled to pay its value only in case the delivery cannot be had.   (23 R. C. L. 904, sec. 65.)

In the action against the Freedom State Bank, it is clear that appellant here could not have successfully maintained an action for the recovery of these animals in this state, because defendant had unlawfully removed them into Wyoming beyond the jurisdiction of the Idaho court.   It was not, therefore, precluded from bringing an action for their value if personal service could be obtained in this state.   That action proceeded to a judgment in damages for their value as in trover and appellant not being able to obtain satisfaction of that judgment brought this action in claim and delivery to recover its specific property upon the same being returned to this state.

Respondent contends that appellant having brought the first action, it was an election of two inconsistent remedies; that it parted with its title to this property; that it should now be required to accept the money judgment in lieu of such property and should be precluded from recovering in claim and delivery in this action.   This presents the question, Does a judgment for the conversion of one's property transfer the title of such property to the trespasser?

Mr. Justice Holmes, in a dissenting opinion, in *Miller v. Hyde,* 161 Mass. 472, 474, 42 Am. St. 424, at page 429, 37 N. E. 760, 25 L. R. A. 42, reviews the authorities, going back to the Year Book of the time of Henry VI and shows that the early English decisions held that a judgment in conversion did not transfer title to the trespassers.   However, the majority opinion holds that a judgment in trover does not transfer the title to the property, and that title remains in the plaintiff until he receives satisfaction, and further, that after obtaining such a money judgment, an attachment, which was permissible under the practice in that state, and levy upon the property in the hands of the judgment debtor and any party claiming under him, does

not constitute, on the part of the judgment creditor, an irrevocable election to treat the title as vested in the defendant, the court saying:

"Assuming that in early times the title to the chattel was transferred to the defendant upon an entry of judgment for the plaintiff in trover, at present a different doctrine is generally applied, 'and it is now commonly held that title is not transferred by the entry of judgment, but remains in the plaintiff until he has received actual satisfaction."

In *Lovejoy v. Murray,* 70 U. S. 1, 18 L. ed. 129, Mr. Justice Miller announces the modern rule as follows:

"In reference to the doctrine that the judgment alone vests the title of the property converted, in the defendant, we have seen that it is not sustained by the weight of authorities in this country. It is equally incapable of being maintained on principle.

"The property which was mine has been taken from me by fraud or violence. In order to procure redress, I must sue the wrongdoer in a court of law. But, instead of getting justice or remedy, I am told that by the very action of obtaining judgment—a decision that I am entitled to the relief I ask—the property which before was mine, has become that of the man who did me the wrong. In other words, the law, without having given me satisfaction for my wrong, takes from me that which was mine, and gives it to the wrongdoer. It is sufficient to state the proposition to show its injustice."

These cases are sustained by the weight of authority upon this question since Lord Ellenborough's opinion in *Drake* v. *Mitchell,* 3 East, 258, 102 Eng. Reprint, 594.

We therefore hold that the bringing of the first action by appellant was not an election of remedies that precluded it from recovering its property when the same was again brought within this state; that the two remedies are not inconsistent, but that appellant may pursue both until a satisfaction of its demand is obtained.

This action having been tried upon an agreed statement of facts, a retrial of the same will not be necessary. The cause is reversed and remanded with instructions to the

court below to enter a judgment for appellant and award it possession of the sheep in controversy. Upon such recovery in this action, the money judgment recovered in the former action to be fully satisfied, since appellant is only entitled to one satisfaction of its claim.

Wm. E. Lee, Givens and Taylor, JJ., concur.

Budge, J., took no part in the decision.

Petition for rehearing denied.