(No. 4860.   October 3, 1928.)

E. J. CHRISTMAN, Appellant, v. ELLIS W. RINEHART and PEARL H. RINEHART, Respondents.

[270 Pac. 1059.]

Merrill & Merrill, for Appellant, cite no authorities on points decided.

J. H. Peterson and D. Worth Clark, for Respondents.

VARIAN, Commissioner.—On April 13, 1920, plaintiff E. J. Christman, appellant here, entered into a written contract with defendant Ellis W. Rinehart, then a single man, whereby defendant agreed to sell certain lots in Montpelier, Idaho, on which were two dwelling-houses and

certain chattels, to plaintiff for $4,500, payable in instalments, viz., $700 cash and $65 per month on the fifteenth day of every month commencing with May 15, 1920, and concluding with the twenty-third day of April, 1923, on which date the balance of the purchase price was due and payable. The deferred payments bore interest at the rate of eight per centum per annum, payable monthly. The contract provided that each monthly instalment would be applied first to the payment of the interest due and the balance on the principal.

Plaintiff agreed to pay all taxes levied against said property for the year 1920 and subsequent years, and keep the buildings thereon insured against loss by fire in favor of said defendant as his interest may appear.

Defendant agreed to execute a warranty deed to the property "in favor of" plaintiff, and place the same with the Bank of Montpelier in escrow, with instructions to deliver the same to plaintiff upon the completion of the payments specified, "but failure on the part of the second party (Christman) to cause the said payments to be made when due will entitle the first party (Rinehart) to again enter into full possession of the premises and to withdraw his deed from escrow, and all payments made prior to such default shall be deemed as rent for the premises."

Defendant agreed to furnish an abstract of title showing "good and sufficient title" to be vested in him. The following clause appears in the contract toward the end thereof:

"In addition to said Real Estate, the household goods described in the attached list and now being in the North house of said property, are hereby conveyed to the said second party" (plaintiff).

The agreement and warranty deed were deposited in the Bank of Montpelier in escrow. An abstract of title, certified to on the same date the contract bears, was delivered to plaintiff, who took it away and later returned the same to said defendant. Shortly after the contract was executed, plaintiff entered into actual possession of one of the houses on the premises contracted for.

Under date of April 22, 1920, plaintiff entered into a written contract with H. A. Robinson and wife to convey a portion of the premises described in the contract with Rinehart, and upon which the other dwelling-house was situate, for the sum of $2,500, payable $50 in cash and $50 on June 1, 1920, and $50 on the first of every month thereafter until $500 was paid, then Robinson was to pay $25 per month on the fifteenth day of each month thereafter until the full purchase price was paid. Deed and abstract of title were agreed to be placed in escrow with The First National Bank of Montpelier, Idaho. The contract contains clauses similar to those contained in the contract between Rinehart and Christman, as to insurance and default in case of failure to make payments when due.

The Robinsons thereupon entered into possession of the premises contracted to them, and were still in possession when this action was tried.

Christman did not always make the instalment payments promptly, and on April 15, 1923, was in default of the payment of some $2,270.06, as well as for insurance and taxes paid by Rinehart. On April 17, 1923, Rinehart declared a forfeiture, and entered into possession of the premises formerly occupied by Christman and his tenants, withdrew the deed from escrow, and made some improvements. On May 11, 1923, Christman tendered $2,270.06 to Rinehart, which was refused by the latter.

On or about May 18, 1923, plaintiff commenced an action against the defendant Ellis W. Rinehart for specific performance of the contract of April 13, 1920. On January 9, 1924, plaintiff filed an amended complaint in his action for specific performance, which was answered by said defendant, which action was at issue in Bear Lake County when the present cause was tried. When that action was called for trial the parties, on July 22, 1924, entered into a compromise agreement. Rinehart having married in the meantime, his wife is a party thereto.

. This agreement recites the pendency of the action for specific performance; ''for more exact description of said

contract," refers to the complaint in said action; and recites that it is the desire of all parties that "said suit be compromised and settled if possible." The contract recognizes the contract to the Robinsons, and defendants here agree to convey the premises originally contracted for, excepting from the conveyance the premises sold by plaintiff to Robinson and wife. Plaintiff agreed to pay defendants therefor, at Montpelier, Idaho, within thirty days from date thereof, the sum of $2,730.76, made up of the following items, to wit:

"Amount tendered May 11, 1923.......$2,270.06
"Interest thereon at 8 per cent from
    said date to date hereof............ 227.00
"Insurance paid by first parties on said
    property ........................ 37.50
"Taxes paid thereon.................. 130.72
"Improvements made by first party..... 415.48

  "Total ...................................$3,080.76
  "Less rental value........... ............... 350.00

  "Balance .............................$2,730.76"

It was also agreed that plaintiff might apply on the purchase price, as part payment, the balance of principal due from Robinson, including payments made by him to The First National Bank, amounting approximately to $1,524.24, provided Robinson might be induced to accept a deed from defendant, and execute back a first mortgage upon the property conveyed to him, securing payments due every six months instead of monthly, with interest at eight per cent per annum; the only change being that he pay every six months instead of monthly. Both parties were to use their influence to get Robinson to accept the deed and give back a mortgage. It was agreed that time is of the essence of the compromise agreement.

The contract provides that defendants will have the abstract of title promptly extended, and submit the same to plaintiff's attorneys for examination and approval. "Deeds

covering the above described property, and the detail concerning the title shall be left to the attorneys for the respective parties." Defendants were to retain possession until payment, rent free, and plaintiff was to pay no interest "on any of said specified sums from this date until said payment."

"It is further agreed that the suit above referred to shall, with the consent of the Court, be continued, and if this agreement is not fulfilled shall be tried before Judge O. R. Baum, at Pocatello, Idaho, upon ten days notice to either party.

"The second party, it is agreed, shall pay the costs of said suit incurred to date, not to exceed $15.00, and in the event this contract is performed, and a dismissal of said suit is had, thereupon the Court costs and witness fees shall be paid by said second party, at the time of said dismissal."

The abstract of title was extended and certified on August 21, 1924, and on August 29, 1924, attorneys for plaintiff acknowledge its receipt as of August 25, 1924, and point out certain defects in the title that were shown on the abstract when first exhibited to plaintiff in 1920.

Without dismissing the pending action for specific performance, plaintiff commenced this action on February 25, 1925, setting up *in haec verba* the contract of April 13, 1920; the contract between plaintiff and the Robinsons dated April 22, 1920; the declaration of forfeiture and taking possession by defendant Ellis W. Rinehart, and that defendant filed an answer to said complaint, and the execution of the compromise agreement which is also set forth *in haec verba;* the marriage of the defendants after the making of the first contract and before the execution of the last; that within thirty days plaintiff "deposited in The First National Bank of Montpelier, Idaho, a sum of money sufficient to discharge his entire obligation under the contracts with the defendants," and that defendants had within said thirty-day period caused the abstract of title to be extended, and submitted the same to plaintiff's attorneys for examination. The complaint further alleges that defendants did

not have a marketable or any title, and that the defects were of such character that the same could not be readily corrected, and that defendants could not perfect the same or make it marketable; that plaintiff was, within the time specified in the last contract, "able, ready and willing to perform each and every condition on his part to be performed, and was prevented by the inability of defendants to tender marketable title to said real estate"; that the personal property delivered to the plaintiff as aforesaid has been used; that said property is of the reasonable value of $300, which said sum plaintiff is willing to have allowed as a credit on the amount otherwise owing him by defendants; that defendants further failed and neglected to perform under the terms of said contract last aforesaid, "in that they did not take from The First National Bank of Montpelier the money on deposit left by Robinson which amounted to $529.15," and did "not complete the contract with Robinson by taking a new obligation direct from the said Robinson, but permitted Robinson to pay into the said First National Bank of Montpelier the amount due under the old contract until on or about the first day of March, 1925, said bank failed."

Plaintiff also alleged that he had paid defendants on account of the original contract up to April 15, 1923, the sum of $2,991.58; that he was damaged by reason of the failure to present a marketable title in said sum and interest on each instalment from date of payment; that he has been damaged in the further sum of approximately $150, as interest paid on the money which he had lying in The First National Bank of Montpelier awaiting fulfilment of the contract by defendants; that he has been further damaged in the sum of $1,000 as general damages. He then demands judgment for the total sum of $4,141.58, less $300 for the personal property, and costs and "all proper relief."

Answering, defendants admit the execution of the agreements set forth in the complaint, plead the pendency of the action for specific performance, the taking of possession upon default of plaintiff under the contract dated April 13,

1920, deny the allegations of failure of title, and by cross-complaint ask damages for $2,000, etc.

The court found the facts substantially as alleged in the amended complaint, except that no findings are made on the question of damages. As conclusions of law the court found:

"(1) That if this action is one for damages for breach of contract, as stated by counsel for plaintiff, then a mistrial has resulted, because of the fact that a jury has not been waived, as required by the statutes of the state of Idaho, the matter not having been called to the attention of the court, for the reason that the plaintiff assumed the cause to be one of equitable nature prior to the setting of the same, and the same having been set on the equity calendar at the request of counsel for the plaintiff.

"(2) That, as an action in equity, the plaintiff must fail, for the reason that the proper parties are not before the court, and for the reason that the proof shows that the plaintiff is not in position to put the defendants *in statu quo*.

"(3) That the contract which forms the basis of the action, as set forth in paragraph six of the complaint, being the contract dated July 22d, 1924, provides in itself what the result of a breach thereof shall be, and this court concludes that it has no authority to impose any other consequences than those expressly agreed upon in the contract."

The court then found that defendants were not entitled to any relief under their cross-complaint, and that they were entitled to judgment for their costs.

The first assignment of error relates to the admission of evidence. Over objection of plaintiff's counsel, respondent Rinehart was permitted to testify that he had provided plaintiff with an abstract of title which the latter took away and afterwards brought back. And on cross-examination, over objection, plaintiff testified that he received the abstract of title before signing the contract of purchase; that McClave, the abstracter, looked it over; that McClave was agent for both parties in this transaction.

Error is next assigned because of the court's finding that pursuant to the agreement dated April 13, 1920, "plaintiff

entered into the possession of the property in said agreement described, and made certain payments thereunder,'' because the amount of said payments was not specified. In paragraph 4, plaintiff alleged the making of numerous small payments, giving dates and amounts paid. Paragraph 6 of the complaint sets forth the compromise agreement in full, which purports to show the exact balance due defendants from plaintiff. The execution of this agreement is admitted by the answer, and the amount theretofore paid was no longer an issue in the case.

Error is assigned in not finding whether ''said contract'' provided for marketable title; whether or not the abstract disclosed a marketable title was offered plaintiff; and whether plaintiff was damaged by defendants' breach of the contract, and in what amount.

Error is also assigned because of the conclusions of law heretofore set out, and in rendering judgment for defendants.

Because of the conclusions reached, it will not be necessary to discuss these assignments.

Where the breach of a compromise agreement ''goes to an essential element of the contract, and in effect amounts to a refusal to perform or an abandonment, the other party may elect to regard the contract of compromise as rescinded and may proceed on the original cause of action.'' (12 C. J. 360.)

In this case, plaintiff prayed as damages the amounts paid upon the original contract, with interest on the amount tendered, and for $1,000 general damages. He is declaring upon both contracts. The effect of the compromise agreement was to condone plaintiff's default in making payment under the original contract; fix the balance due thereunder; extend the time for payment of said balance; designate when the abstract of title should be furnished by defendants; recognize the sale of a portion of the real property by plaintiff to the Robinsons; provide for the application of the balance owing under the Robinson contract to the payment of the amount to be paid by plaintiff to defendants;

for a change in the Robinson contract, whereby different terms of payment would be established and payments thereafter made direct to defendants, provided the Robinsons could be induced to agree thereto; that plaintiff should pay no interest upon the amount agreed to be due; that defendants should occupy the premises rent free until final payment; and that said action for specific performance be continued, to be set for trial upon ten days' notice, in case the compromise agreement was not fulfilled.

Plaintiff contends that the stipulation for continuance last mentioned is void by reason of the provisions of C. S., sec. 5670:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual procedure in ordinary tribunals, or which limits the time within which he must enforce his rights, is void."

The breach complained of relates to the provisions of the original contract which fixes the character of the title to be conveyed, while the compromise agreement does not. By commencing (20 C. J. 29) and maintaining his action for specific performance of the original contract, entering into the compromise agreement continuing said action for specific performance, and failing to dismiss the same before seeking the relief demanded in the present action, plaintiff has elected to rely upon that remedy. This election, once made, became irrevocable. (20 C. J. 38.)

Having elected the remedy of specific performance, plaintiff cannot now maintain the present action for damages, or rescission, since they are inconsistent remedies. (See 20 C. J., p. 26, sec. 18; *Whitley v. Spokane & Inland Ry. Co.*, 23 Ida. 642, 132 Pac. 121; *Largilliere Co. v. Kunz*, 41 Ida. 767, 244 Pac. 404; *Otto v. Young*, 227 Mo. 193, 127 S. W. 9 (p. 18, par. 7); 25 Cal. Jur. 707.)

We recommend that the judgment be affirmed without prejudice to the pending action for specific performance.

. Brinck and Baker, CC., concur.

The foregoing is approved as the opinion of the court and the judgment is affirmed without prejudice to the pending action for specific performance. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.