ROBERT A. ALTSCHULER, APPELLANT, v. NEWTON H. PORTER, CIRCUIT COURT JUDGE, ET AL., RESPONDENTS.

Argued February 15, 1929—Decided May 20, 1929.

For the appellant, *Rex B. Altschuler.*

For the respondents, *Sidney W. Eldridge.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. On August 3d, 1926, Keppler & Company sued out a writ of attachment against one Charles Owen to collect an indebtedness amounting to $58,800. The

suit was brought in the Supreme Court; the writ of attachment was delivered to the sheriff of Bergen county to be executed, and by virtue thereof he attached the interest of the defendant in certain real estate and also in certain personal property. Having done this, the sheriff, on the 13th of August, made return of the writ specifying the property attached under it. Three days before the return was made, and on August 10th, one Altschuler instituted an attachment suit in the Bergen Circuit Court, against the same defendant, Owen. The writ issued in that suit was also delivered to the sheriff of Bergen county, who attached certain shares of stock and a certificate of membership in the Hackensack Golf Club standing in the name of the defendant Owen; this property not having been attached in the Keppler suit. After the return of this latter writ Keppler & Company sued out an alias writ of attachment, which was delivered to the sheriff of Bergen county; and he, under it, attached the same property that had been attached by him in the Altschuler case. In each of the two suits an auditor was appointed, and after the issuing and service of the alias writ in the Keppler company suit, the plaintiffs therein applied to the Circuit Court of Bergen county to vacate the appointment of the auditor in the Altschuler suit; to restrain the latter from further prosecuting that suit, and also to postpone the lien of the attachment in that suit to the lien of Keppler & Company on the same property under their alias writ. The Circuit Court, after hearing argument, entered a rule granting the relief asked by the Keppler company. Altschuler appealed to the Supreme Court and that court affirmed the rule allowed in the Circuit Court.

We consider that the judgment of the Supreme Court affirming the action of the Circuit Court was erroneous. As has already been stated, one of the mandatory parts of the Circuit Court rule is that the lien of Altschuler upon the property attached under his writ be postponed to the lien and levy on the said stock and certificate of membership in the golf club under the alias writ issued in the Keppler suit. The theory upon which the order was based seems to be that

Altschuler's only right was to come in as an applying creditor in the attachment suit instituted by Keppler & Company. It may be conceded that this is so, so far as the property originally attached in that suit is concerned; but, in our opinion, the existence of an attachment upon certain property in a suit brought by a creditor of the defendant is no bar to the right of another creditor to institute an independent suit against the same defendant and have property attached under the writ issued therein which is not subject to the lien of the writ in the prior suit. The Attachment act does not provide for the distribution of the proceeds of the sale of the property attached equally among the plaintiff and the applying creditors of the defendant, but directs that out of such proceeds the debt of the plaintiff shall be first paid and that the residue shall be equally distributed among the other creditors in proportion to the debt due to each. *Comp. Stat.,* p. 145, § 27. It does not contain any provision prohibiting the institution of separate suits, nor declaring the priority of the writs issued therein. Under such a statute any creditor may bring suit without regard to whether or not a prior suit has been instituted by another creditor of the same defendant; and when the property attached under the writ issued in his suit is subsequently attached under a writ issued in another suit, such subsequent attachment is subject to the prior levy, without regard to which of the two suits was first instituted. The first levy on property not only gives priority of lien, but it entitles the officer making it to the possession and control of the property for the benefit of the plaintiff in that suit. *Woodward* v. *Lishman,* 80 *N. J. L.* 586, 590. The effect of the rule now under review is to deprive Altschuler of a first lien upon the property attached under his writ and to transfer that priority to Keppler & Company, limiting his right to that of an applying creditor, with the result that Keppler & Company will receive the proceeds of the sale of all the assets, including those originally attached in the Altschuler suit, to the extent necessary to pay their claim. This is not only inequitable, but is not justified by the provisons of the Attachment act.

The judgment under review will be reversed.

*For affirmance*—THE CHANCELLOR, BLACK, HETFIELD, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, PARKER, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, DEAR, JJ. 9.