(March 29, 1924.)

ANDREW NELSON, Appellant, v. ANNIE E. KRIG-BAUM, Administratrix of the Estate of A. R. KRIG-BAUM, Deceased, HENRY T. CLAY, and the FIRST NATIONAL BANK OF WEISER, a Corporation, Respondents.

[226 Pac. 169.]

COMPROMISE AND SETTLEMENT—BILLS AND NOTES—FINDINGS OF FACT AND CONCLUSIONS OF LAW—EVIDENCE.

1. Evidence examined and found to support findings that a valid consideration existed for the contract in question and that no fraud was perpetrated.

2. A court of equity, in the absence of fraud, will not aid a party to an action to violate a settlement of a disputed claim out of court, voluntarily entered into with the other parties.

3. The compromise of a disputed claim made in good faith is upon a sufficient consideration, without regard to the merits of the controversy, and irrespective of whether the claim be in suit or not, since the law favors the avoidance or settlement of litigation.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.  Hon. B. S. Varian, Judge.

Action to set aside written agreement.  Judgment for defendants.  *Affirmed.*

Lot L. Feltham, for Appellants.

When a contract is obtained by misrepresentations, falsehoods and fraudulent practices, which mislead and deceive a party who believes them, and who is induced to sign it by reason thereof, the said contract will not be enforced by a court in equity.  (20 Cyc. 13, 37, 41, 44; *Hillock v. Idaho Title & Trust Co.,* 22 Ida. 440, 126 Pac. 612, 42 L. R. A., N. S., 178; *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; *Vane v. Towle,* 5 Ida. 471, 50 Pac. 1004.)

"Forbearance or a promise to forbear suit upon a claim clearly unenforceable is no consideration sufficient to support a promissory note." (*Payette Nat. Bank v. Ingard,* 34 Ida. 295, 200 Pac. 344.)

Frank Harris, for Respondents.

"The settlement of a controversy is valid and binding, not because it is the settlement of a valid claim, but because it is the settlement of a controversy.  And when such settlement is characterized by good faith, the court will not look into the question of law or fact in dispute between the parties and determine which is right.  (*Heath v. Potlatch L. Co.,* 18 Ida. 42, 108 Pac. 343, 27 L. R. A., N. S., 707; 8 Cyc. 509; *Ticknor v. McGinnis,* 33 Ida. 308, 193 Pac. 850; 13 C. J. 346, 347; note, 25 L. R. A., N. S., 275.)

The evidence as a whole wholly fails to disclose any fraud practiced by the respondents or any of them at the time or before the execution of the agreement.  (*Nelson v. Hudgel,* 23 Ida. 327, 130 Pac. 85; *Pickle v. Lincoln County State Bank,* 61 Wash. 545, 112 Pac. 654; *Kerns v. Washington W. P. Co.,* 24 Ida. 525, 135 Pac. 70; *Collin v. Anderson,* 26 Ida. 47, 140 Pac. 969; *McFadden v. Heisen,* 31 Ida. 689, 175 Pac. 814; 12 C. J. 349; *Colton v. Stanford,* 82 Cal. 351, 16 Am. St.

137, 351, 23 Pac. 16; *Southern Development Co. v. Silva,*
125 U. S. 250, 8 Sup. Ct. 881, 31 L. ed. 678; Pomeroy's
Equity Jur., sec. 893; *Oppenheimer v. Clunie,* 142 Cal. 313,
75 Pac. 899.)

BUDGE, J.—This action was brought to set aside a writ-
ten agreement upon the ground of fraud and want of con-
sideration.   To the complaint an answer and cross-complaint
were filed, the answer specifically denying the material
allegations of the complaint and the cross-complaint setting
forth the contract in question and praying judgment thereon.
An answer, in effect constituting a general denial, was filed
to the cross-complaint and upon the issues thus framed the
cause was tried to the court sitting without a jury.   Find-
ings of fact and conclusions of law were made and filed by
the court and judgment was entered in favor of respond-
ents in accordance with the prayer of their cross-complaint.
From this judgment this appeal is prosecuted.

Prior to the rendition of the judgment in the trial court
the defendant Krigbaum died and by appropriate stipula-
tion and order, Annie E. Krigbaum, his wife, as administra-
trix of his estate, was substituted as a party defendant.

From the record it appears that Kelly & Patterson, a
copartnership, borrowed $2,500 from the First National Bank
of Weiser, giving to the bank a note for that amount signed
by them as makers and by Krigbaum and Nelson as sureties,
the note being dated October 17, 1917, and due six months
after date.   At the time this note was given the appellant,
Nelson, had an understanding with Kelly & Patterson, as
a result of which a second note for $2,500 was executed
by Kelly & Patterson as makers and by Nelson as surety,
the same being payable to the bank aforesaid, which note
was delivered to Kelly & Patterson with the understanding
that it was to be used to take up the first note in the event
it was not paid at maturity, inasmuch as Nelson did not
expect to be in that section of the country about the time
the first note became due.   At the maturity of the first note
on April 17, 1918, the interest thereon was paid by Kelly

& Patterson and the same was renewed from time to time by notes signed by Kelly & Patterson as makers and by Krigbaum and Clay as sureties. At the time of the first renewal the original note was marked "Paid" by the bank and was delivered to Patterson. On October 17, 1918, a note for $2,500, due 90 days after date, payable to the bank, signed by Kelly & Patterson as makers, and Clay and Krigbaum as sureties, was delivered to the bank to take up the last renewal note and this note was continued by the giving of renewal notes from time to time, the same being signed only by Krigbaum and Clay, who paid the interest as it accrued on each renewal note given thereafter. The note of Kelly & Patterson as makers and Nelson alone as surety, executed in accordance with the understanding of October 17, 1917, was deposited with the bank as collateral security to the note of October 17, 1918. Various payments were made by Krigbaum and Clay, reducing the principal indebtedness to approximately one-half of the original amount. The collateral note was finally assigned without recourse by the bank to Krigbaum and Clay.

The contract in question was entered into on the first day of September, 1921, between Krigbaum, Clay and Nelson, as a result of several conferences between the respective parties and their attorneys, its purpose being to obtain from Nelson his proportionate share of the original indebtedness together with interest and certain expenses incurred by Krigbaum and Clay in an effort to collect the same. The contract was intended as a compromise and full settlement of all existing differences between the parties to the contract and in full liquidation of the original indebtedness and in order to avoid litigation between the parties. It provided, among other things, that Nelson was to pay to Krigbaum and Clay, within thirty days, the sum of $1425 as his proportionate share of the original indebtedness, interest and expenses, the same to be paid to the First National Bank of Weiser to take up the unpaid balance due on the original indebtedness represented by the note given by Kelly & Patterson as makers and Clay and Krigbaum as sureties.

It was further stipulated that upon payment of such amount, Nelson was to be released from any further obligation on account of the note signed by him alone as surety, also that all of the parties were to use their utmost efforts to collect from Kelly & Patterson the original $2,500, together with interest and certain expenses incurred in connection with the attempted collection and to divide in three equal parts any amount so recovered.

Appellant assigns and relies upon sixteen assignments of error. The first attacks the action of the court in sustaining an objection to the admission of a certain interrogatory. There is no merit in this assignment of error in view of the conclusions hereinafter reached.

The next eleven assignments of error attack certain specific findings of the court on the ground that the evidence is insufficient to support the same, the court having found that there was no fraud or misrepresentation in the procurement of the contract involved and that there was a valid consideration therefor.

We have carefully examined the evidence and have reached the conclusion that there is sufficient competent evidence to sustain each and every of the findings made by the trial court and that the conclusions of law, upon which assignments of error thirteen, fourteen and fifteen are based, are justified by the facts so found, also that the sixteenth assignment of error, that the judgment is against law, is without merit.

We are of the opinion that this case falls squarely within the principle announced in 8 Cyc., p. 509, quoted with approval in the case of *Heath v. Potlatch Lumber Co.,* 18 Ida. 42, 50, 108 Pac. 343, 27 L. R. A., N. S., 707, to wit:

"The usual test, however, as to whether a compromise and settlement is supported by a sufficient consideration is held to be not whether the matter in dispute was really doubtful, but whether or not the parties *bona fide* considered it so, and that the compromise of a disputed claim made *bona fide* is upon a sufficient consideration, without regard to whether the claim be in suit or not. The law favors the

avoidance or settlement of litigation, and compromises in good faith for such purposes will be sustained as based upon a sufficient consideration, without regard to the merits of the controversy or the character or validity of the claim of the parties, and even though a subsequent judicial decision may show the rights of the parties to have been different from what they at the time supposed."

To the same effect see *Baines v. Coos Bay Nav. Co.*, 49 Or. 192, 89 Pac. 371; 12 Corpus Juris, sec. 39, p. 345; *Ticknor v. McGinnis*, 33 Ida. 308, 193 Pac. 850.

Where a compromise is alleged the determination of all controverted questions are questions of fact. Thus, on conflicting evidence it is for the jury, if the cause is tried to a jury, and if not for the court to determine whether there was an agreement of compromise, whether the parties intended it to be final, whether the minds of the parties met, whether there was a consideration and also whether there was fraud or want of good faith in the settlement. All of these questions were properly submitted in this case resulting in a finding adverse to appellant's contention.

Fraud is never presumed. It must be established by clear and convincing evidence, and this is especially true where a party assails the integrity of a written contract. (*Nelson v. Hudgel*, 23 Ida. 327, 130 Pac. 85.)

We have found no reason that would justify a reversal of the judgment, and it is therefore affirmed. Costs are awarded to respondents.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.