LILLIAN B. COSGRAVE AND PERCIVAL J. COSGRAVE, PLAINTIFFS-RESPONDENTS, v. HELEN MALSTROM, DEFENDANT-APPELLANT.

Submitted October 7, 1941—Decided December 29, 1941.

Before Brogan, Chief Justice, and Justices Case and Heher.

For the plaintiffs-respondents, *Cox & Walburg* (*William H. D. Cox*).

For the defendant-appellant, *Coult, Satz, Tomlinson & Morse* (*DeVoe Tomlinson*).

The opinion of the court was delivered by

CASE, J. The appeal is by the defendant from a judgment entered against her following jury verdict in the Essex Common Pleas. The suit is the outcome of personal injuries received by Mrs. Cosgrave while on the defendant's premises.

Mrs. Cosgrave and Mrs. Malstrom—indeed the two famillies—had been friends and neighbors for twenty-six years. They frequently exchanged visits—intimately passing from back yard to back yard and through the back doors. Shortly before the incident sued upon Mrs. Malstrom had purchased a form of quilt designated a "comforter" and in a telephone conversation had asked Mrs. Cosgrave to come over and see it. Shortly thereafter Mrs. Cosgrave was in her own back yard, and Mrs. Malstrom, from her back door, called to Mrs. Cosgrave to "come in now and look at the comforter." It was not a new or an unusual experience for the two to make such visits of neighborly inspection. Mrs. Cosgrave testified that when she had something that she was particularly interested in she would call in Mrs. Malstrom—"I would ask her, yes. I would want her to see it and see if she thought I made a good choice." So, on this occasion Mrs. Cosgrave crossed from one yard to the other, entered defendant's house through the back door and kitchen and went upstairs to the bedroom where the comforter was. Mrs. Malstrom remarked that she proposed to make an additional purchase of like bed coverings and she wanted Mrs. Cosgrave's opinion to check with her own. Mrs. Cosgrave concededly did not have special knowledge; her information on the subject was simply that of the ordinary housekeeper who had bought and used such quilting. When Mrs. Cosgrave left, she undertook to leave the premises in the same way that she had entered. As she was going down the back porch steps the Malstrom dog which was tied by a leash at the side of the porch ran up the steps, made a turn about Mrs. Cosgrave and thus caused the latter to fall and to receive the injuries sued upon. The tying of the dog in a manner to permit such contact is assigned as the act of negligence upon which plaintiffs would recover. The dog was a wire-haired terrier, fourteen years old, which, to the plaintiff's knowledge, had been owned and kept by the Malstroms

for a number of years. Mrs. Cosgrave was well aware that the dog was chained most of the time and that, when chained, it was ordinarily fastened as at the time of the accident. She saw the dog coming up the steps as she was going down. No vicious propensity and no earlier occurrence of a similar mishap or of the jumping of the dog upon persons was shown. Likewise, no earlier occasion on which the dog was a menace to users of the porch was in proof. The incident occurred in full daylight.

Appellant contends that the trial court erred in refusing to grant her motion for a nonsuit. The point turns upon the degree of care that the defendant owed Mrs. Cosgrave, and the briefs of counsel tacitly concede that this depends upon whether Mrs. Cosgrave was more than what the cases—particularly the three next cited—call a "guest."

In *Lewis* v. *Dear,* 120 *N. J. L.* 244, the Court of Errors and Appeals stated the rule thus:

"It has been held that one who comes on premises by express invitation to enjoy hospitality as a guest of the owner or occupant, or a guest who enters merely to receive a gratuitous favor from the owner or occupant, has only the rights of a licensee and must take the property as he finds it."

The Supreme Court had already used the same language with approval in *Gregory* v. *Loder,* 116 *N. J. L.* 451. In *Morril* v. *Morril,* 104 *Id.* 557, it was said (at *p.* 561):

"The rule of legal duty applicable when the injured party is a licensee, or was in this instance a guest of the landlord, cannot be extended beyond the well-settled rule of reasonable care to avoid creating any condition upon the premises which to one of ordinary prudence and foresight could be reasonably held to be a dangerous instrumentality for harm. Thompson in his commentaries differentiates the rule of negligence in its application to a guest of the landlord as follows: 'Where one visits the private home of another as a social guest the owner is bound to take the same care of him that he takes of himself, and the other members of his family, and no more.' Citing *Southcote* v. *Stanley,* 1 *H. & N.* 247; 25 *L. J. Exch.* 339."

Respondents contend that Mrs. Cosgrave was a full invitee and within the application of the broad rule applying generally to invitees, namely, that "the owner or occupier of lands who by invitation, express or implied, induces persons to come upon the premises, is under a duty to exercise ordinary care to render the premises reasonably safe for the purposes embraced in the invitation," *Murphy* v. *The Core Joint Concrete Pipe Co.*, 110 *N. J. L.* 83; and respondents rest that argument upon the proposition that the visitor herein called at the invitation of the occupant and as a benefit to the latter. The defendant's premises constituted her home. They were used as a home and for nothing else. Everything that was done there radiated about the idea of home. The dog, the back yard, the kitchen porch, the bedroom, the comforter, the visit, the inspection—all these things and acts were incidental to the home. We think that the familiar and homely custom of back door calling by neighbor upon neighbor may not be so delicately refined and distinguished; otherwise adroit reasoning could spell a benefit to the inviter out of practically every invitation "to come and see" and the "guest" rule would be quickly whittled away.

It is our conclusion that the proofs will not avail to constitute Mrs. Cosgrave other than a visitor who had the rights of a licensee and that no act violative of the obligation thus invoked was proved against Mrs. Malstrom.

The appellant further complains of the judge's charge to the jury wherein he said, "If she was there as an invitee, then you must ask yourselves this question: Did Mrs. Malstrom fulfill that obligation that she owed to Mrs. Cosgrave? What was that obligation? That her house provided a reasonably safe means of ingress and egress." That instruction, taken by itself, placed the defendant under the absolute duty of providing a reasonably safe way and was not a correct statement of even the broad rule applicable to invitees in general. The duty is to use ordinary (*Murphy* v. *The Core Joint Concrete Pipe Co.*, *supra*) or reasonable (*Stark* v. *Great Atlantic and Pacific Tea Co.*, 102 *N. J. L.* 694) care to render the premises reasonably safe for the purposes embraced in the invitation. Respondents concede that that is so but

submit that the words immediately following in the charge contained a correct statement of the law. We think that a more precise analysis of the supplemental remarks is that they carry the inference, rather than a direct statement, of the correct rule. An erroneous instruction followed or accompanied by a correct one is not cured by the latter unless it is also expressly withdrawn. *Collins* v. *Central Railroad Company of New Jersey*, 90 *Id.* 593; *Kuczko* v. *Prudential Oil Corp.*, 110 *Id.* 111, 115. The jury was left with a confused instruction embracing an erroneous legal concept. We consider that appellant's point is well made.

The judgment will be reversed.