22 N.J. Super. 220 (1952)
91 A.2d 633
HAZEL C. VOGEL AND HARRY VOGEL, PLAINTIFF-APPELLANTS,
v.
RALPH H. ECKERT AND EDNA ECKERT, DEFENDANT-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1952.
Decided October 22, 1952.
*221 Before Judges JAYNE, PROCTOR and SCHETTINO.
Mr. Clark Vogel argued the cause for plaintiff-appellants (Messrs. Wise & Wise, attorneys).
Mr. Joseph Coult argued the cause for defendant-respondents.
The opinion of the court was delivered by PROCTOR, J.S.C. (temporarily assigned).
This is an appeal from a judgment of dismissal entered at the conclusion of the plaintiffs' case. Mrs. Vogel sought compensation for personal injuries she sustained when a bench, upon which she and others were seated, collapsed on the premises of the defendants, Mr. and Mrs. Eckert. Mr. Vogel sued per quod.
The evidence offered by the plaintiffs may be summarized as follows: A church society, of which Mrs. Vogel and Mrs. Eckert were members, requested permission of Mrs. Eckert to hold the June meeting at her home. The meeting was to take the form of a picnic in a grove on the Eckert property. Each member "was to bring a covered dish, enough to serve about eight or ten." Mrs. Eckert consented to the use of her home but had nothing to do with the arrangements and entertainment, which were planned by the officers of the society.
Mrs. Eckert contributed the coffee and rolls. Mrs. Vogel brought a covered dish and acted as one of the hostesses. *222 After the members and their guests were served, Mrs. Vogel sat with two other ladies on a bench at a table. One of the ladies had occasion to leave the bench. When she returned, she climbed over the bench and as she sat down beside Mrs. Vogel the bench broke, causing the injuries on which the action was based. Two of the members of the group testified that they examined the broken bench and found that the wood appeared to be "rotten where the nails were pulled out."
Mr. Eckert had built this bench and other benches in the grove about 10 or 12 years before the mishap. They were constructed of wood and had been repaired from time to time but had never been painted or treated with a preservative. There was expert testimony that the accepted standard of construction for outdoor furniture required that the wood be painted or treated with a preservative to prevent deterioration.
Plaintiffs urge that the trial court erred in holding that a prima facie case had not been established.
Negligence can never be conceived in the abstract but only in the light of the specific relation existing between the parties. Plaintiffs contend that Mrs. Vogel was an invitee within the broad rule applying generally to invitees, namely, that the defendants were under a duty to exercise ordinary care to render the premises reasonably safe. They rest their argument upon the proposition that Mrs. Vogel's admission to defendants' premises was conditioned on her bringing a covered dish which resulted in an advantage to Mrs. Eckert as hostess. Mrs. Eckert attached no such condition to the use of her home, but merely permitted its use by the society. The defendants did not demand, receive or expect to receive nor did any member of the society pay or expect to pay, any compensation for the courtesy extended by the defendants in permitting the use of their facilities. The house and the adjacent grove were maintained by the defendants as a residence for the exclusive use of the family and their guests.
We conclude from the above facts that Mrs. Vogel was a social guest and in the law regarded as a licensee. *223 Restatement, Torts, § 330, 331, 332. Cf. Cosgrave v. Malstrom, 127 N.J.L. 505 (Sup. Ct. 1941). As such her rights and the defendants' correlative duties are governed by the rule set forth in Lewis v. Dear, 120 N.J.L. 244, 245 (E. & A. 1938):
"`It has been held that one who comes on premises by express invitation to enjoy hospitality as a guest of the owner or occupant, or a guest who enters merely to receive a gratuitous favor from the owner or occupant, has only the rights of a licensee and must take the property as he finds it.'
This court, speaking through Mr. Justice Minturn in Morril v. Morril, 105 N.J.L. 557, quoted with approval from Southcote v. Stanley, 1 H. & N. 247; 25 L.J. Exch. 339, this language:
`Where one visits the private home of another as a social guest the owner is bound to take the same care of him that he takes of himself, and the other members of his family, and no more.'"
See also Gregory v. Loder, 116 N.J.L. 451 (Sup. Ct. 1936).
Plaintiffs further contend that the defective condition of the bench created a hazard in the nature of a trap. Even if such contention be accepted, liability is never imposed unless the defendant has knowledge of the condition. See Restatement, Torts, § 342. In the present case there is no proof that the defendants had such knowledge.
The cases of Guilford v. Yale University, 128 Conn. 449, 23 A.2d 917 (Sup. Ct. 1942); Laube v. Stevenson, 137 Conn. 469, 78 A.2d 693 (Sup. Ct. 1951) and Lordi v. Spiotta, 133 N.J.L. 581 (Sup. Ct. 1946), upon which plaintiffs rely are not applicable. In the Laube case the defendant had knowledge of the dangerous condition and the court therein stated that in the earlier Guilford case the plaintiff, being a business visitor, had the status of an invitee. In the Lordi case the house guest was injured as the result of the owner's active negligence in improperly turning off a gas heater.
The trial court properly entered judgment in favor of the defendants.
Judgment affirmed.