27 N.J. Super. 177 (1953)
99 A.2d 207
HELEN TANEIAN, PLAINTIFF-APPELLANT,
v.
KOSROF M. MEGHRIGIAN AND CHARLES J. NAJARIAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 17, 1953.
Decided August 26, 1953.
*178 Before Judges BIGELOW, SMALLEY and ARTASERSE.
Mr. George J. Kaplan argued the cause for the plaintiff-appellant (Mr. Louis Steisel, attorney).
Mr. Elmer J. Bennett argued the cause for the defendants-respondents (Messrs. Carpenter, Gilmour & Dwyer, attorneys, and Messrs. Elmer J. Bennett and James P. Beggans, of counsel).
*179 The opinion of the court was delivered by ARTASERSE, J.S.C. (temporarily assigned).
This is an appeal from a judgment entered in favor of the defendants at the conclusion of the case on the motion of the defendants for a directed judgment.
It is admitted that on the morning of Sunday, February 26, 1950, the plaintiff Helen Taneian was invited by her cousin, Virginia Najarian, wife of the defendant Charles J. Najarian, to the Najarian home for that evening for a social visit; that this invitation was accepted and that the plaintiff called at the Najarian home at about eight o'clock and spent the evening with her cousin Virginia Najarian, and her husband Charles J. Najarian, one of the defendants. The Najarians lived in an apartment on the third floor of the premises known as 301-52nd Street, West New York, New Jersey, which consisted of a four story building having apartments for 14 families and at least one store. The premises were owned by Kosrof M. Meghrigian and Charles J. Najarian, husband of Virginia Najarian, the defendants in this action. It is admitted that the owners retained control of the stairways and halls. Plaintiff Helen Taneian departed from the Najarian apartment in said premises shortly before midnight, and while descending the flight of stairs leading from the second floor to the first floor, slipped and fell, sustaining personal injuries for which she instituted the present suit against the defendants, alleging in her complaint that "she was an invitee in the said premises, had the right and privilege of using the said stairway, and that the said stairway was not for the exclusive, private use of the tenants, but was for the benefit of said tenants and their guests and was so commonly used, and she was caused to fall because of the beveled condition of the stairway, a foreign substance on the stairway, and the lack of proper lighting on the said stairway." Plaintiff adduced no proof concerning the alleged defective condition of the stairway, nor of any foreign substance thereon, and in her proofs relied solely on the allegation of the lack of proper lighting on the assumed duty of the owners to provide light all night. *180 It was admitted that the landlords assumed the duty to provide light in the halls of said premises all night.
There was no evidence that the plaintiff was visiting a tenant or that the defendant Charles J. Najarian occupied the apartment in said premises in any capacity other than as co-owner.
At the conclusion of the evidence the defendants moved for a directed verdict (judgment) on the ground that the plaintiff was a social guest on the property of the defendants, having been invited by the wife of one of the owners, and there was no breach of any duty owing to the plaintiff by the defendants. The defendants urged other grounds for a directed judgment which need not be considered for the reasons hereinafter mentioned.
In passing upon a motion for the direction of a judgment, the court cannot weigh the evidence, but must take as true all evidence which supports the view of the party against whom the motion is made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. Andre v. Mertens, 88 N.J.L. 626 (E. & A. 1915); Philpot v. Rhinesmith, 6 N.J. Super. 324 (App. Div. 1950). Liability for negligence must be predicated upon a violation of some duty which one person owes another. See Pitaresi v. Appello, 17 N.J. Super. 278 (Cty. Ct. 1952).
The issue is, therefore, what duty did the defendants owe the plaintiff, a social guest of one of the defendants who occupied as his home an apartment in a 14-family dwelling owned by both defendants, with regard to the common stairways and halls over which the defendants retained control.
Negligence can never be conceived in the abstract but only in the light of a specific relation existing between the parties. See Vogel v. Eckert, 22 N.J. Super. 220 (App. Div. 1952). The defendants contend that the plaintiff was a social guest in the home of one of the owners and, therefore, a licensee to whom the owners were under the duty only to refrain from willful and wanton acts of negligence.
*181 In Lewis v. Dear, 120 N.J.L. 244, 245 (E. & A. 1938), the court said:
"It has been held that one who comes on premises by express invitation to enjoy hospitality as a guest of the owner or occupant, or a guest who enters merely to receive a gratuitous favor from the owner or occupant, has only the rights of a licensee and must take the property as he finds it."
This court speaking through Mr. Justice Minturn in Morril v. Morril, 104 N.J.L. 557, 561 (E. & A. 1928), quoted with approval from Southcote v. Stanley, 1 H. & N. 247; 25 L.J. Exch. 339 (Ct. Exch. 1856) this language:
"Where one visits the private home of another as a social guest the owner is bound to take the same care of him that he takes of himself, and the other members of his family, and no more."
See also Gregory v. Loder, 116 N.J.L. 451 (Sup. Ct. 1936); Cosgrave v. Malstrom, 127 N.J.L. 505 (Sup. Ct. 1941); Lordi v. Spiotta, 133 N.J.L. 581 (Sup. Ct. 1946); Vogel v. Eckert, 22 N.J. Super. 220 (App. Div. 1952). An examination of these cases where this doctrine is applied or discussed reveals that none of them involve a multiple-family dwelling house where the owner retained control of the common passageways and stairways and occupied an apartment therein as his home.
It is to be noted that the injuries in all of our cases, supra, occurred in the private homes or on the grounds of private homes of the owners. However, we can see no reason why the same principle of liability should not apply to a social guest of a resident co-owner of a multiple-family dwelling with regard to the common stairway and halls under the control of the owners. The only case we have been able to find which bears any similarity to the facts in this case is Schmidt v. Langer, 336 Ill. App. 158, 83 N.E.2d 34 (1948), in which the court said:
"Where husband went to apartment building to repair boilers and wife accompanied him, not to assist him but for social visit with her sister, who was co-owner of apartment, wife was a `licensee,' not an `invitee,' as affecting apartment owners' liability for injuries suffered by wife in fall down stairway."
*182 We conclude from the facts in this case that Mrs. Taneian, the plaintiff, being a social guest was in the law regarded as a licensee, and she was, therefore, bound to take the property as she found it; the defendants only owed the duty to give notice of unforeseen dangers such as traps and to abstain from willful and wanton acts of negligence.
The plaintiff also contends that the trial court, in deciding the issue, applied an erroneous principle of law. Conceding arguendo that the trial court may have applied an erroneous legal principle to the case, that, in itself, does not vitiate the judgment.
In the case of R. Krevolin & Co., Inc. v. Brown, 20 N.J. Super. 85 (App. Div. 1952), Judge Eastwood, on page 92, speaking for the court said:
"* * * If the trial court correctly decided the issues between the parties, then it is immaterial whether in doing so, he based it upon some erroneous legal principle. The controlling rule is laid down in the case of McCarty v. [Town of] West Hoboken, 93 N.J.L. 247 (E. & A. 1919), wherein it is stated at p. 248:
`The question to be determined upon review in an appellate court is always as to the propriety of the judicial action of the court below, and not the soundness of the reason which prompted it. Gillespie v. [John W.] Ferguson Company, 78 N.J.L. 470; Sadler v. Young, [78 N.J.L.] 594; Brientnall (Breintnall) v. Sadler, 82 N.J.L. 405; Pierson v. N.Y.S. & W.R. Co., 83 N.J.L. 661; McAndrews & Forbes Co. v. [City of] Camden, 78 N.J. Eq. 244.
It must be perfectly obvious that if the court below reached a right conclusion, even if upon a wrong reason, the judgment should not be disturbed; and therefore it is that errors may be assigned upon matters in the record only, and not upon the reasoning which induced the rendering of the judgment under review.'"
Cf. Burhans v. City of Paterson, 99 N.J.L. 490, 492 (E. & A. 1924). In the recent case of Hughes v. Eisner, 8 N.J. 228 (1951), it is stated:
"* * * He voices dissatisfaction with the opinion of the Appellate Division. Appeals, however, are taken from judgments and not from opinions. * * *"
The trial court properly entered judgment in favor of the defendants.
Judgment affirmed.