[No. 32786. Department One. October 7, 1954.]

RUDOLPH PETERSON, *Respondent*, v. J. A. THORVALDSEN, *Appellant*.[1]

*Joseph D. Holmes*, for appellant.

*Jonson & Jonson*, for respondent.

FINLEY, J.—This is an action for damages for personal injuries. It arises out of an automobile collision which occurred during the course of an automobile trip between plaintiff Peterson's home and Anacortes, Washington. The suit is against J. A. Thorvaldsen, the driver of the car in which Peterson was riding as a passenger. The case was tried without a jury. A judgment of $13,964, plus costs and

[1] Reported in 274 P. (2d) 844.

disbursements, was entered in favor of the plaintiff. The defendant Thorvaldsen has appealed. Basically, his defense is that Peterson was merely a social guest, and consequently, the cause of action is barred under the decisions of this court construing the host-guest act.

Among other things, Thorvaldsen argues that Peterson's complaint was drawn, and that his action was tried, solely on the theory of joint venture. It is urged that there was no reference to any alternative theory of benefit to the driver or expectation of same whereby Peterson might attempt to negative social or nonbusiness overtones and thereby overcome the bar of the host-guest act despite the fact that he could not prove a joint venture as that relationship was delineated in the case of *Poutre v. Saunders*, 19 Wn. (2d) 561, 143 P. (2d) 554. Stated briefly, Thorvaldsen contends (a) that a joint venture was not proved; (b) that the alternative theory of actual or potential benefit in a material or business sense may not be considered now, for the first time, on appeal; (c) that in any event, the trip involved no benefit to the driver, and the host-guest act is a bar to the lawsuit; and finally, (d) that the amount of judgment was excessive.

Peterson, Thorvaldsen, and a man named Moen, became crew members of the fishing boat, "NEW ERA," somewhat late in the fishing season. Because they had not assisted other crew members in the usual preseason refurbishing of the boat, nets, and equipment, their employer, the American Packing Company, deducted ninety-six dollars from the share of each of the men in the season's earnings of the boat. Apparently, Thorvaldsen and Moen had received their final pay checks, but Peterson had not. Peterson was a member of a fishermen's union. The other two men were not. There was some discussion between the three men regarding the propriety of the deduction of the ninety-six dollars from their pay checks and as to whether the deduction was unauthorized under the terms of the labor contract between the employer and the union in which Peterson was a member. The result was that all three started on a trip to the

plant of the American Packing Company at Anacortes, Washington. The accident occurred en route.

There is a dispute as to what motivated the trip, what its purpose was, and the circumstances whereby it was undertaken. Peterson testified there was an agreement to share expenses; that the trip was for the purpose of protesting about the deduction of ninety-six dollars from the pay checks of all three men; that it was the consensus of all three that Peterson, being a member of a fishermen's union, knew more about union contracts than the other two men and was in a better position to discuss the matter with the employer, but that the presence of all three men rather than any one of them would add strength to their protests. Thorvaldsen and Peterson had worked together, as mentioned hereinbefore, on the fishing boat, "NEW ERA," and although they were acquainted, they were not friends socially. Thorvaldsen took time off from his job to make the trip to Anacortes. He denies that the purpose of the trip was as related in Peterson's testimony. He claims there was no clear understanding as to a sharing of the expenses of the automobile trip; he implies that the purpose of the trip was merely to enable Peterson to pick up his pay check.

■ We now discuss the significant questions raised on this appeal. Peterson's original complaint in this lawsuit was amended so that, in part, it reads:

" . . . that the defendant believed that the plaintiff could assist in obtaining the return of said $96.00, agreed to drive plaintiff to Anacortes to talk with the American Packing Company, who were the charterers and who were making the settlement; that the defendant took the plaintiff to Anacortes for the sole purpose of obtaining the said $96.00 which both the plaintiff and the defendant believed had been wrongfully deducted from the shares of the plaintiff and the defendant, and said trip was for the benefit of the plaintiff and the defendant; . . ."

We think the amendment clearly injected the theory or issue of *benefit to the automobile driver* into the case. In this connection, it is of interest to note a portion of the trial judge's memorandum decision, which reads:

"I don't know that it is necessary for me to find whether or not in this case the understanding between the parties when they started on this trip to Anacortes was tantamount to a joint venture, a partnership, or a passenger conferring a benefit, or the trip conferring a benefit on the driver.

"I am inclined to think that the only question for me to decide here is this, on this issue of liability, whether or not the Plaintiff is a guest or licensee without paying for the transportation. If he is such, he can't recover. If he is not, then he may recover if the Defendant is negligent."

Paragraph III of the trial judge's findings of fact reads, in part, as follows:

". . . that the sole purpose and motivating factor of the trip to Anacortes was to obtain the refund of the $96.00 to each; that it was to the advantage of each one that they be together and state their claim in a body and put their point over in the strongest fashion possible."

■ From our review of the statement of facts, we are not convinced that the evidence preponderates against the above finding of the trial court. It is too clear to require citation of authority that the above finding establishes the facts of this case. It supports the conclusion of the trial court that benefit to the driver was a purpose of the trip to Anacortes. In *McUne v. Fuqua*, 42 Wn. (2d) 65, 70, 253 P. (2d) 632, we said:

"The requirements necessary to constitute payment for transportation such as to avoid the bar of our statute were specifically delineated in *Fuller v. Tucker*, 4 Wn. (2d) 426, 103 P. (2d) 1086. The two requirements, as there stated, are as follows: (1) an actual or potential benefit in a material or business sense resulting or to result to the owner; and (2) that the transportation be motivated by the expectation of such benefit. This first requirement was amplified in *Scholz v. Leuer*, 7 Wn. (2d) 76, 109 P. (2d) 294 (quoted with approval in *Hayes v. Brower*, 39 Wn. (2d) 372, 235 P. (2d) 482), where we said:

" 'If there is payment for the transportation, the statute does not apply, and this does not mean that payment must necessarily be made in money. It is sufficient if the presence of the occupant directly compensates the operator or owner in a substantial and material or business sense, as distin-

guished from mere social benefit or nominal or incidental contribution to expenses.' (p. 84)"

■ Peterson's doctor testified that Peterson suffered several permanent injuries, including permanent damage to his brain. This evidence is such that we are unwilling to conclude that the amount of the judgment was excessive.

The trial court is in all respects affirmed.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ.; concur.

November 18, 1954. Petition for rehearing denied.