[No. 34471. Department Two. November 28, 1958.]

REX WOOLERY, *Individually and as Guardian ad Litem of Mary Alice Woolery, Respondent,* v. WILLIAM SHEARER, *Appellant.*[1]

[1]Reported in 332 P. (2d) 236.

*Splawn & Bounds,* for appellant.

*H. Frank Stubbs,* for respondent.

ROSELLINI, J.—This is a personal injury suit, arising out of a collision which occurred when a pickup truck owned and driven by the defendant collided with a bus on an icy roadway. The plaintiff's wife, who is the defendant's half-sister, was a passenger in the truck and was severely and permanently injured.

The plaintiff sought to show that Mrs. Woolery was a paying passenger and therefore not within the provisions of the guest statute, and the jury so found. Throughout the proceedings, the defendant interjected appropriate motions attacking the sufficiency of the plaintiff's evidence, all of which were denied. He now contends that the court erred in failing to grant his motion for judgment notwithstanding the verdict.

Bearing in mind that the evidence must be viewed in the light most favorable to the plaintiff's contentions, we set forth briefly the facts upon the question of the status of Mrs. Woolery as a passenger in the defendant's vehicle:

The defendant lived with his mother, on a farm owned by her near Buckley, and conducted a dairy business with cattle which he owned. His mother assisted in the business to the extent of writing checks and paying bills, and she in turn had been assisted by Mrs. Woolery. The revenue from the venture was kept in a bank account which the mother and son owned jointly. Sometime before the day of the accident,

the mother was hospitalized and it was feared that she would soon die. The defendant, during the period of her hospitalization, deposited in the joint account the checks which were received in payment for milk and which were made payable to the mother. He became concerned that he was not handling this matter in a legal manner and asked his banker for advice. The banker advised him to see a lawyer, which he determined to do.

The defendant had discussed with his brother the possibility that his mother might some day need a guardian *ad litem* or might need to execute a power of attorney, and he had told his brother that if this should become necessary, he would like Mrs. Woolery appointed, as she had more business ability than all the others combined.

On the morning of February 15, 1956, the defendant encountered his mother's physician, who advised him that she was in poor condition, and he decided to see his lawyer immediately. He stopped by his home and found Mrs. Woolery (who lived nearby) visiting his brother. He told her that he was going to see a lawyer in Puyallup about their mother's affairs and invited her to go along. They drove to Puyallup, where the defendant explained his problem to the attorney and was told that his manner of handling his affairs was legal and proper. Mrs. Woolery listened to the conversation but did not participate. On the return trip, the accident occurred.

The defendant testified positively that he had never communicated to Mrs. Woolery his desire that she be appointed their mother's representative if one was needed, and his evidence was uncontradicted. His brother testified that he had heard nothing said on this matter when the defendant invited Mrs. Woolery to go with him to see the attorney.

It is the defendant's position that the potential anticipated benefit which would accrue to the defendant in carrying on his business if Mrs. Woolery were appointed guardian of their mother, or if she were given her power of attorney, does not, as a matter of law, constitute her a paying passenger within the meaning of the statute.

At the time of this accident, the guest statute provided:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while the same is being demonstrated to a prospective purchaser." Laws of 1937, chapter 189, § 121, p. 911 [*cf.* RCW 46.08.080].

■ In construing this statute, we have held that payment need not necessarily be made in money. It is sufficient if the presence of the occupant directly compensates the operator or owner in a substantial and material or business sense, as distinguished from mere social benefit or nominal or incidental contribution to expenses. *McUne v. Fuqua,* 42 Wn. (2d) 65, 253 P. (2d) 632; *Hayes v. Brower,* 39 Wn. (2d) 372, 235 P. (2d) 482, 25 A. L. R. (2d) 1431.

■ The benefit accruing to or conferred upon the operator of an automobile, sufficient to take the person riding with the operator out of the guest class, must be a tangible one. *Fuller v. Tucker,* 4 Wn. (2d) 426, 103 P. (2d) 1086. There must be a showing of an actual or potential benefit in a material or business sense resulting or to result to the operator, and the transportation must be motivated by the expectation of such benefit. *Fuller v. Tucker, supra; McUne v. Fuqua, supra.*

We will assume that the plaintiff's evidence was sufficient to establish that the defendant felt that, if his attorney should advise him that a guardian should be appointed for his mother or that she should execute a power of attorney, it would be to his advantage to have Mrs. Woolery serve as such guardian or attorney in fact, and that this would constitute a potential benefit in a material or business sense, within the meaning of the statute. The question remains whether the evidence was sufficient to establish an expectation of such a potential benefit as a motivating factor inducing the furnishing of the transportation.

■ The mere hope of obtaining a benefit, uncommunicated to the passenger, is not a sufficient basis on which

to predicate an expectation of such a benefit. We held in *Heggelund v. Nordby,* 48 Wn. (2d) 259, 292 P. (2d) 1057, that a driver who furnished transportation to his brother and his brother's partner in the hope that their fishing venture would be a success so that his brother could pay him for room and board and repay loans he had made to his brother, did not receive payment for the transportation within the meaning of the statute. The payment for board and room and the repayment of loans, which were in no way related to the transportation, could not constitute payment, as a matter of law, this court said. The expectation (or hope) of benefit in that case was identical in kind to that revealed in this case, a potential, contingent benefit, unrelated to the transportation as such and uncommunicated to his passenger. How can it be said that the transportation was motivated by an *expectation* of benefit, when there is no evidence that Mrs. Woolery was asked to perform the service or would have been willing to do so had a request been made.

The respondent contends that an agreement or understanding regarding the anticipated payment is unnecessary, relying upon *Scholz v. Leuer,* 7 Wn. (2d) 76, 109 P. (2d) 294. In that case, the defendant's nephew was carrying her country paper route in her absence. On the early morning delivery on a Sunday, he took his fourteen-year-old cousin with him. She sat beside him in the car, consulted the route book, lifted papers from the back seat, and placed them into customers' containers when those happened to be on her side of the car. She was killed when the driver negligently ran into the back of a truck. It was held that these services constituted payment, taking the passenger out of the guest statute. We said that, under such circumstances, a pre-arrangement or understanding was unnecessary, but to establish motivation, we pointed to the fact that, in persuading the girl's mother to let her go with him, the nephew had said that she could help him with his deliveries.

The distinction between that case and this is readily apparent. There, the anticipated payment was actually received during the course of the transportation. In this case,

no benefit ever accrued to the defendant. Furthermore, in *Scholz v. Leuer, supra,* the court emphasized the fact that the passenger was a minor and subject to the direction and control of her parent, with whom the understanding was had that she was to assist the driver. In so far as that case holds that a prior understanding or agreement as to compensation is unnecessary, it should be limited to its peculiar facts. While a legally enforcible contract is not necessary, there must be some understanding on which an *expectation* of benefit can be based.

■ Since the evidence was insufficient to support a finding that the defendant received payment, within the meaning of the statute, the defendant's motion for judgment notwithstanding the verdict should have been granted.

The judgment is reversed.

HILL, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.

February 16, 1959. Petition for rehearing denied.