347 P.2d 341

Cecelia WILSON, Plaintiff-Appellant,

v.

Edward A. BOGERT and Ruth Bogert, husband and wife, Defendants-Respondents.

No. 8805.

Supreme Court of Idaho.

Dec. 8, 1959.

538

Ben W. Davis, George R. Phillips, Pocatello, for appellant.

Merrill & Merrill, Pocatello, for respondent.

TAYLOR, Justice.

Plaintiff's (appellant's) original complaint sought damages for personal injury, resulting from a fall in the home of defendants (respondents), on the ground of negligence. The record does not show a ruling by the trial court on defendants' demurrer thereto.

Pursuant to leave granted, plaintiff filed an amended complaint containing two counts. Plaintiff on her first count seeks recovery on the theory of contract based upon an alleged agreement between plain-

tiff and defendants, by the terms of which the tort claim was compromised and settled; by the second count plaintiff seeks recovery on the basis of the original alleged tort.

In substance, plaintiff alleges in count one that defendants are husband and wife; that Ruth Bogert, one of the defendants, and the plaintiff entered into an oral agreement for a joint enterprise or common undertaking to be carried out by the plaintiff and said defendant, namely, the giving of a bridal shower for a mutual friend; that each of the parties would bear proportionately all expenses involved, including the furnishing of prizes and refreshments; that each would have equal control over the other in planning and carrying out the project, which was of mutual benefit to each; that plaintiff did share her proportion of all expenses; that it was agreed that the shower should be held in the home of the defendants and that the entire home would be used therefor; that the joint enterprise was a community enterprise between Ruth Bogert and the defendant Edward A. Bogert; that on January 19, 1957, plaintiff went to the home of the defendants and there participated with the defendants in carrying out the venture and in the joint control thereof; that in defendants' home a stairway led from a hall off the living room to a room below, in which, at the time, the defendant Edward A. Bogert was viewing television, and which room was unlighted except by the light from the television set; that about 2:30 p. m., at the direction of Ruth Bogert, plaintiff proceeded to carry a dish of ice cream and a cup of coffee to defendant Edward A. Bogert; that there was at the bottom of the stairs a door, flush with the top of the second step above the floor of the lower room, which was shut; that plaintiff opened this door and, thinking she had reached the floor level, stepped forward and fell, from which fall she was injured; that plaintiff was unfamiliar with the stairway; that defendants knew, or by the use of reasonable diligence were bound to know, that the condition of the stairway was dangerous and hazardous and involved an unreasonable risk to those not familiar therewith; and that they negligently and carelessly allowed the same to remain in such dangerous condition and gave plaintiff no warning thereof.

After alleging the nature and extent of her injuries and the medical and hospital expenses incurred therefor, plaintiff further alleges that one, S. S. Smith, as the agent and representative of the defendants, visited plaintiff at the hospital and, without her request, had a television set and a private telephone installed in her room, advising her that such would be without charge to her; that without her request Smith had her moved from a two bed ward to a single bed room and advised her not

to worry about the additional expense, since it would be taken care of; that after she was discharged from the hospital, at Smith's urging she employed a Mrs. Schoonover to assist her and to care for her in her home at the expense of $442; that she would not have employed Mrs. Schoonover nor incurred the expenses for the television, telephone and private room, except for the promise of Smith that same would be paid by defendants; that while she was in the hospital Smith inquired of her whether she intended to sue the defendants, and on behalf of defendants proposed to her that if she would not file suit against them, defendants would pay all of her expenses of every kind and nature incurred by reason of her injury, and would make a reasonable settlement with her for her injury, when she was released by her doctor; that plaintiff assented to this proposal and directed that all of her hospital and physican's records be shown and given to Smith, which she would not have done except for the agreement alleged; that plaintiff was released and discharged by her doctor on or about June 1, 1957; that plaintiff presented the bills for all of the expenses incurred to defendants and asked for payment thereof and for a settlement in accordance with the agreement; that on or about August 20, 1957, the defendants, through their agent, Smith, informed plaintiff that they denied all liability and would not pay her bills nor make any settlement with her; that plaintiff entered into the agreement in good faith, believing that she had a just and valid claim against defendants for damages for her injuries.

Plaintiff alleges special damages in the sum of $1,899.04, and general damages in the sum of $25,000.

In her second count, plaintiff incorporates all of the allegations of the first count, except those relating to the compromise agreement, and alleges that her damages were the proximate result of the negligence of the defendants, and prays judgment therefor on that ground.

The court treated defendants' general demurrer as a motion to dismiss under rule 12(b) (6) of the rules of civil procedure: "failure to state a claim upon which relief can be granted".

The court held that the first count failed to state a claim upon which relief could be granted on two grounds; first, that the oral agreement alleged is so "indefinite and uncertain as to terms, conditions, time and amounts, as to be unenforceable"; second, that the consideration for the agreement, being plaintiff's promise not to file suit for damages, the agreement was breached by the plaintiff by filing this action.

The court held that count two fails to state a claim upon which relief can be granted on the ground that it affirmatively appears from the allegations thereof that

the plaintiff, at the time of her injury, was upon the premises of the defendants "as a social guest and licensee, and not as a business visitor, or invitee, engaged in a joint venture or enterprise for profit or gain"; and that the allegations tested by the rule applicable to the status of a licensee are insufficient to impose a liability upon the defendants.

Judgment of dismissal was thereafter entered, from which this appeal is prosecuted.

■■■ Where the parties to a legal controversy, in good faith enter into a contract compromising and settling their adverse claims, such agreement is binding upon the parties, and, in the absence of fraud, duress or undue influence, is enforceable either at law or in equity according to the nature of the case. Ticknor v. McGinnis, 33 Idaho 308, 193 P. 850; Nelson v. Krigbaum, 38 Idaho 716, 226 P. 169; Moran v. Copeman, 55 Idaho 785, 47 P.2d 920; Stub v. Belmont, 20 Cal.2d 208, 124 P.2d 826; 11 Am. Jur., Compromise and Settlement, § 35, p. 283. Such a contract stands on the same footing as any other contract and is governed by the same rules and principles as are applicable to contracts generally. 11 Am.Jur., Compromise and Settlement, § 35, p. 283. An agreement of compromise and settlement is a merger and bar of all pre-existing claims which the parties intended to settle thereby. Moran v. Copeman, supra; Shriver v. Kuchel, 113 Cal.

App.2d 421, 248 P.2d 35; 15 C.J.S. Compromise and Settlement § 24, p. 739. Such prior claims are thereby superseded and extinguished. The compromise agreement becomes the sole source and measure of the rights of the parties involved in the previously existing controversy. The existence of a valid agreement of compromise and settlement is a complete defense to an action based upon the original claim. Bruce v. Oberbillig, 46 Idaho 387, 268 P. 35; Shriver v. Kuchel, supra; Argonaut Ins. Exch. v. Industrial Acc. Commission, 49 Cal.2d 706, 321 P.2d 460; 11 Am.Jur., Compromise and Settlement, § 36, p. 284.

■■ In an action brought to enforce an agreement of compromise and settlement, made in good faith, the court will not inquire into the merits or validity of the original claim. Heath v. Potlatch Lumber Co., 18 Idaho 42, 108 P. 343, 27 L.R.A.,N.S., 707; Nelson v. Krigbaum, supra.

■■ In Heath v. Potlatch Lumber Co., supra, this court quoted a syllabus from Vane v. Towle, 5 Idaho 471, 50 P. 1004, as follows:

"'While the compromise of a claim asserted upon the one side, but questioned upon the other, will be deemed a sufficient consideration to support an agreement to pay such claim, it is still essential that the claim so asserted should have some basis upon principles

of law or equity.' " 18 Idaho at page 49, 108 P. at page 345.

and from Smith v. Farra, 21 Or. 395, 28 P. 241, 20 L.R.A. 115, as follows:

"'It is not every disputed claim, however, which will support a compromise, but it must be a claim honestly and in good faith asserted, concerning which the parties may *bona fide* and upon reasonable grounds disagree.' " 18 Idaho at page 49, 108 P. at page 345.

The applicable general principle is stated in the Heath case as follows:

"Whether the plaintiff in fact could have maintained such action is not the test in determining whether there was a consideration for the compromise agreement. If the plaintiff made his claim in good faith and the defendant company denied its liability, and to avoid a lawsuit agreed to pay the plaintiff his wages as a consideration for the plaintiff's not bringing such suit, then there was sufficient consideration to support such compromise agreement. In such cases it is sufficient if the plaintiff in good faith makes a claim, and the defendant disputes such claim, and in consideration of the plaintiff's forbearance to sue in respect to such claim promises to pay plaintiff a certain sum of money. In such cases there is a consideration for such promise, and the same may be enforced in an action at law." Heath v. Potlatch Lumber Co., 18 Idaho 42, at 50–51, 108 P. 343, at page 346.

A rescission or repudiation of an executory compromise agreement by one party thereto confers a right of election upon the other party. He may accept such rescission and himself rescind the agreement and assert the original claim, or he may reject such rescission and maintain an action for the enforcement of the compromise agreement. Hall v. Yaryan, 25 Idaho 470, 138 P. 339; Sorensen v. Larue, 43 Idaho 292, 252 P. 494; Christman v. Rinehart, 46 Idaho 701, 270 P. 1059; Huggins v. Green Top Dairy Farms, 75 Idaho 436, 273 P.2d 399; Bayley v. Lewis, 39 Wash.2d 464, 236 P.2d 350; 15 C.J.S. Compromise and Settlement § 39.

Applying the foregoing principles to the allegations of the amended complaint, it appears that a valid compromise agreement, enforceable at least in part, is alleged to have been entered into by the parties. So long as such agreement existed, plaintiff could not maintain an action on the original tort claim. However, it is alleged that on or about August 20, 1957, the defendants informed plaintiff that they denied all liability and would not pay her bills or make any settlement with her. This was a rescission of the compromise agreement on the part of de-

fendants which entitled plaintiff to elect to rescind the contract on her part, and prosecute her original tort claim; or reject such rescission and bring an action to enforce the compromise agreement. She cannot do both.

While the original complaint was based upon the alleged tort, we do not think the filing thereof was an irrevocable election of remedies by plaintiff. Before any action was taken thereon by the court, she asked and was granted leave to file the amended complaint, in which she asserts the compromise agreement. The original tort claim was also alleged. However, no motion or order to require an election was made or entered.

The applicable principle is stated in Gridley v. Ross, 37 Idaho 693, 217 P. 989, as follows:

"By commencing his action to rescind, respondent did not make such an unalterable election of the remedies open to him as to prevent him from filing an amended complaint affirming the contract and asking for damages; and it would seem to be the more reasonable rule, in such a case, that where one has a choice of two remedies, even though inconsistent, the mere commencement of an action based on one remedy will not necessarily constitute an irrevocable act of election. 20 C.J. 31; Whitley v. Spokane & Inland Ry. Co., 23 Idaho 642, 132 P. 121; Boise Development Co. v. Boise City, 30 Idaho 675, 167 P. 1032." 37 Idaho at page 701, 217 P. at page 990.

Cf. Largilliere Co., Bankers v. Kunz, 41 Idaho 767, 244 P. 404; Christman v. Rinehart, 46 Idaho 701, 270 P. 1059; Annotation, 6 A.L.R.2d 20, 69 and 70.

The uncertainty urged by defendants against the first count affects only the item, referred to in the complaint as a "reasonable settlement", to be paid plaintiff by defendants for her injuries. Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351.

The agreement with respect to the other items, such as the expense of television, telephone, hospital, medical and nursing care, while not alleged to have been agreed upon in any particular amounts, is capable of being reduced to certainty by the rendition of statements covering the reasonable charges therefor. Anderson v. Whipple, supra; Crouch v. Bischoff, 76 Idaho 216, 280 P.2d 419. As to such items, the first count of the amended complaint states a claim upon which relief can be granted.

Although plaintiff has an election of remedies, both parties having fully briefed and submitted the issue of the sufficiency of count two, in order to avoid a circuity of action, we shall determine that issue also.

The weight of authority holds that a social guest, though specifically invited, stands in the legal relationship to his host of a licensee, to whom the host owes the duty of reasonable and ordinary care only. Cosgrave v. Malstrom, 127 N.J.L. 505, 23 A.2d 288; Vogel v. Eckert, 22 N.J.Super. 220, 91 A.2d 633; Colbert v. Ricker, 314 Mass. 138, 49 N.E.2d 459, 147 A.L.R. 647; Comeau v. Comeau, 285 Mass. 578, 189 N.E. 588, 92 A.L.R. 1002; 38 Am.Jur., Social Guest, § 117; Annotation 25 A.L.R. 2d 598, 600. The fact that the guest may be rendering a minor, incidental service to the host does not change the relationship. McHenry v. Howells, 201 Or. 697, 272 P.2d 210; Pearlstein v. Leeds, 52 N.J.Super. 450, 145 A.2d 650; O'Brien v. Shea, 326 Mass. 681, 96 N.E.2d 163; Krantz v. Nichols, 11 Ill.App.2d 37, 135 N.E.2d 816. Nor is the relationship changed by the fact that the guest and the host may have a mutual or common interest in the purpose of the visit, such as the service of a church, lodge, or political purpose, or an intangible social benefit to the host. Ashley v. Jones, 126 Cal.App. 2d 328, 271 P.2d 918; Dotson v. Haddock, 46 Wash.2d 52, 278 P.2d 338.

Where a person enters upon the premises of another for a purpose connected with the business there conducted, or the visit may reasonably be said to confer or anticipate a business, commercial, monetary or other tangible benefit to the occupant, the visitor is held to be an invitee. Pincock v. McCoy, 48 Idaho 227, 281 P. 371; Hall v. Boise Payette Lbr. Co., 63 Idaho 686, 125 P.2d 311; Young v. Bates Valve Bag Corp., 52 Cal.App.2d 86, 125 P.2d 840; Lubenow v. Cook, 137 Conn. 611, 79 A.2d 826; Colbert v. Ricker, 314 Mass. 138, 49 N.E.2d 459, 147 A.L.R. 647; Printy v. Reimbold, 200 Iowa 541, 202 N.W. 122; 205 N.W. 211, 41 A.L.R. 1423; 38 Am.Jur., Negligence, § 99. The same rule is generally applied in the application of the guest statute in automobile cases. Riggs v. Roberts, 74 Idaho 473, 264 P.2d 698; Carboneau v. Peterson, 1 Wash.2d 347, 95 P.2d 1043; Pence v. Berry, 13 Wash.2d 564, 125 P.2d 645; Smith v. Williams, 180 Or. 626, 178 P.2d 710, 173 A.L.R. 1220; Hayes v. Brower, 39 Wash.2d 372, 235 P.2d 482, 25 A.L.R.2d 1431; McUne v. Fuqua, 42 Wash.2d 65, 253 P.2d 632; Peterson v. Thorvaldsen, 45 Wash.2d 376, 274 P.2d 844; Woolery v. Shearer, Wash., 332 P.2d 236. Cf. Shook v. Beals, 96 Cal. App.2d 963, 217 P.2d 56, 18 A.L.R.2d 919.

In this case, plaintiff urges that by reason of the common purpose or joint enterprise entered into between herself and Mrs. Bogert, her presence at the home of the defendants was that of an invitee. A joint venture is an association of persons to carry out a single business enterprise for profit. 48 C.J.S. Joint Adventures § 1

a.; 30 Am.Jur., Joint Adventures, § 2; Stearns v. Williams, 72 Idaho 276, 240 P. 2d 833.

■ The term "joint enterprise" has been defined as an "undertaking for the mutual benefit or pleasure of the parties." 30 Am.Jur., Joint Adventures, § 2, p. 940. 48 C.J.S. Joint Adventures § 1 a., p. 803; O'Brien v. Woldson, 149 Wash. 192, 270 P. 304, 62 A.L.R. 436. The terms, "joint venture" and "joint enterprise" are frequently used interchangeably. However, even in cases of joint enterprise, the decisions holding the injured party to be an invitee have been handed down in cases where a monetary, or other material or tangible benefit was conferred upon the host or occupant. Hall v. Boise Payette Lbr. Co., 63 Idaho 686, 125 P.2d 311; Pence v. Berry, 13 Wash.2d 564, 125 P.2d 645; Young v. Bates Valve Bag Corp., 52 Cal.App.2d 86, 125 P.2d 840; Shook v. Beals, 96 Cal.App.2d 963, 217 P.2d 56, 18 A.L.R.2d 919; McUne v. Fuqua, 42 Wash. 2d 65, 253 P.2d 632; Peterson v. Thorvaldsen, 45 Wash.2d 376, 274 P.2d 844; Annotation 25 A.L.R.2d 598; 38 Am.Jur., Negligence, § 99.

■ In the case before us, no monetary, material or tangible benefit was conferred or intended to be conferred upon the defendants by the presence and participation of plaintiff in the shower given at their home. The benefits, if any, conferred or intended to be conferred, were purely social. The plaintiff under the circumstances was a licensee. The maintenance of the stairway in the condition alleged does not amount to more than ordinary negligence, and is insufficient to impose a liability to a licensee. Pincock v. McCoy, 48 Idaho 227, 281 P. 371; McNamara v. Hall, 38 Wash.2d 864, 233 P.2d 852; Sanders v. Brown, 73 Ariz. 116, 238 P.2d 941; McHenry v. Howells, 201 Or. 697, 272 P.2d 210; Dotson v. Haddock, 46 Wash.2d 52, 278 P.2d 338; Burch v. Peterson, 207 Or. 232, 295 P.2d 868; Tempest v. Richardson, 5 Utah 2d 174, 299 P.2d 124; Wood v. Wood, 8 Utah 2d 279, 333 P.2d 630; Biggs v. Bear, 320 Ill. App. 597, 51 N.E.2d 799; Laube v. Stevenson, 137 Conn. 469, 78 A.2d 693, 25 A.L.R. 2d 592, Annotation 598, 600; Maher v. Voss, 7 Terry 418, 46 Del. 418, 84 A.2d 527; 2 Restatement Torts (1934) §§ 341, 342.

The judgment is reversed and the cause is remanded for further proceedings, not inconsistent with this opinion.

Costs to appellant.

SMITH and KNUDSON, JJ., and TWAY, District Judge, concur.

PORTER, C. J., and McQUADE, J., did not participate.