CARROLL, DONALD K., Chief Judge.
The defendants in a negligence action have appealed from a verdict and final judgment entered by the Circuit Court for Escambia County, after a trial without a jury.
The basic question for determination in this appeal is whether the evidence adduced at the trial was sufficient to subject the defendants to liability for damages under a recognized and applicable rule of liability.
All parties waived their rights to a trial by jury in accordance with the procedural rules in Florida, and so the case was properly tried by the Circuit Judge, *322 sitting, in effect, as the jury or trier of the facts. Under such circumstance, of course, an appellate court is not authorized to substitute its findings of fact for those of such judge, if sufficient competent, substantial evidence was adduced at the trial to support his findings of fact.
In the appeal of a case like the present we need only to seek and find in the record of the trial sufficient competent, substantial evidence, whether contradicted or not, from which the Circuit Judge could have reasonably concluded, as he did conclude, that the defendants were liable in damages for the alleged injuries. Nevertheless, the following pertinent facts appear to have been proven by such evidence at the trial, virtually without substantial contradiction:
The defendants’ children had dug a saucer-like hole in the front lawn of their home. The hole was at least partially concealed or camouflaged by a border of monkey grass planted parallel and adjacent to a paved walk leading to the front door of the defendants’ house. The defendants had actual knowledge of the hole — in fact, the defendant wife herself had stepped into the hole.
On the night in question the plaintiff wife, a social guest (that is, a licensee) of the defendants, stepped into the hole, fell, and received serious injuries.
The defendants knew of the custom of guests and visitors to their home to use all portions of the grass lawn as paths over which they could reach or leave from the front door, as well as their custom to step over the said border of monkey grass.
The defendants had done nothing to make reasonably safe the condition created by the said hole nor had they warned the said plaintiff of such condition or the risk involved. Incidentally, when the defendant wife heard the said plaintiff cry out in pain, the said defendant immediately exclaimed that she should have filled the hole earlier. On the night in question the lawn was inadequately lighted.
From the above evidence the Circuit Court concluded that the said hole constituted a dangerous condition upon the defendants’ premises and an unreasonable risk to social guests (licensees) upon the premises; that the defendants, having actual knowledge of this dangerous condition, should have either exercised reasonable care to make the condition reasonably safe or warned the said plaintiff of the condition or the risk involved; that the defendants had reason to believe that this plaintiff would not discover the condition or realize the risk, by the exercise of reasonable care, “yet failed to remove the condition by filling the hole or to warn the plaintiff of the same * * *"; and that the said plaintiff was not guilty of such contributory negligence as to bar the plaintiffs’ recovery. In the judgment appealed from the court awarded $10,000 as damages for the plaintiff wife’s injuries and the resulting damages sustained by her and the plaintiff husband.
The facts of this case, we think, fit squarely within the exception to the rule as set forth by the Supreme Court of Florida in the case of Goldberg v. Straus, 45 So. 2d 883 (1950), as follows:
“By the great weight of authority, where one is invited to come upon the premises of another as a guest for social purposes, the relation created between the parties is, in a legal sense, one of licensor and licensee and not one of invitor and invitee. Harper on Torts, 3rd Ed. Sec. 98. In such circumstances the rule is that the guest must take the premises as he finds them; subject to the exception, however, that the host will be held to liability for injuries caused to his guest by a natural or artificial condition on the premises, where the host has actual knowledge of the condition and realizes that it involves an unreasonable risk to his guest and has reason to believe that the guest will not discover the condition or realize the risk, by the exercise of reasonable care, yet despite such circumstances, *323 permits the guest to enter or remain on the premises, without exercising reasonable care to make the condition reasonably safe, or to warn the guest of the condition and the risk involved therein. Harper on Torts, 3rd Ed. Sec. 96; Anno. 92 A.L.R. 1005; The Restatement of the Law of Torts (1934) Sec. 342; 38 Am.Jür. 778, Negligence Sec. 117; Shearman & Redfield on Negligence, Rev.Ed. Vol. 4, Sec. 781, p. 1793; Commentaries on the Law of Negligence, 2d Ed., Thompson, Vol. 1, Sections 971, 893; Wharton, Law of Negligence, 2d Ed., Sec. 350, p. 306; Southcote v. Stanley, (1856) Eng.Rep. 1196; Cosgrave v. Malstrom, 127 N.J.L. 505, 23 A.2d 288; Roth v. Prudential Life Insurance Company of New York, 266 App.Div. 872, 42 N.Y.S.2d 592; Comeau v. Comeau, 285 Mass. 578, 189 N.E. 588, 92 A.L.R. 1002.'
In several subsequent Florida cases the courts have recognized the above exception to the rule. McNulty v. Hurley, 97 So.2d 185 (Fla.1957). Cochran v. Abercrombie, 118 So.2d 636, 79 A.L.R.2d 986 (Fla.App. 1960).
In the judgment appealed from herein the Circuit Court expressly invoked and applied the exception to the rule as set forth in the Goldberg case. We think that the court was correct in doing this. The evidence at the trial clearly established every element of the cause of action delineated in the above quotation from the opinion in the Goldberg case. Certainly there was sufficient competent, substantial evidence from which the judge, as the trier of the facts, could have reasonably concluded that every such element was proven.
The judgment appealed from, therefore, should be and it is
Affirmed.
STURGIS, J., concurs.
RAWLS, J., dissents.