335 So.2d 600 (1976)
LATOUR AUTO SALES, INC., and Luis Latour, Appellants,
v.
STROMBERG-CARLSON LEASING CORPORATION, f/k/a Arcata Leasing Corporation, a Corporation, Appellee.
No. 75-998.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied August 10, 1976.
*601 Shalle Stephen Fine and Steven R. Brownstein, Miami, for appellants.
Cunningham & Weinstein and Alan L. Weisberg, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
This is an appeal by Latour Auto Sales, Inc., and Luis Latour, defendants in the trial court, from a summary final judgment in favor of the plaintiff, Stromberg-Carlson Leasing Corporation, f/k/a Arcata Leasing Corporation, for the sum of $44,263.13, (Forty Four Thousand Two Hundred Sixty Three and 13/100 Dollars), in a breach of contract action.
Stromberg-Carlson sued Latour Auto Sales, Inc., and Louis Latour individually for damages growing out of a 120-month lease for certain equipment, including amplifiers, speakers and a paging adapter, at a rate of $404.82 (Four Hundred Four and 82/100) per month plus a deposit in the amount of $842.02 (Eight Hundred Forty Two and 02/100) to cover the first and last payments. The equipment lease agreement was entered into by and between the plaintiff and Latour Auto Sales, Inc., and a "continuing guaranty agreement" was entered into by and between the plaintiff and Louis Latour, individually. The defendants defaulted without making any payments (except the deposit), whereupon Stromberg-Carlson repossessed the equipment and sold it for $4,363.83 (Four Thousand Three Hundred Sixty Three and 83/100). It then filed a complaint for damages under the lease. The defendants' answer generally denied the allegations in the complaint and asserted that the amount of damages claimed was excessive. The trial court entered summary final judgment for the plaintiff for the accelerated monthly payments, deducting only the amount recovered in the sale of the equipment.
On appeal, the defendants contend that there were genuine issues of material fact which precluded summary judgment. The record reflects, however, that the defendants failed to present affidavits or any other evidence in the trial court raising the matters they now assert, in opposition to summary judgment. On motion for summary judgment, if the movant sustains his initial burden of proof, the opponent then has the burden of coming forward with evidence establishing genuine material factual issues. Where as here the opponent fails to come forward with any affidavit or other proof in opposition to the motion for summary judgment, the movant need only establish a prima facie case, whereupon the court may enter its summary judgment. Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780.
As their second point on appeal, the defendants contend that the plaintiff had no right to repossess and sell the merchandise and then recover the full amount under the lease less only the amount received from the sale. The contract in *602 question states in paragraph 12, that in the event of a default by the lessee,
"(iii) Lessor may repossess any or all of the Equipment without prejudice to any remedy or claim hereinbefore referred to and Lessor may enter any premises to do so with or without legal process all without liability for trespass or other damages.
Any such repossession of the Equipment shall not terminate this Agreement, but Lessor shall have the right to dispose of Equipment for Lessee's account free and clear or any claim of Lessee and use the proceeds to discharge the obligation of Lessee to Lessor hereunder. Lessee shall be liable for any deficiency... ."
The record reflects that the defendants did not return or offer to return the leased merchandise after default. Therefore, the plaintiff acted properly in attempting to mitigate its damages pursuant to the procedure provided by the terms of the lease agreement. The defendants cite this court's decision in Monsalvatge & Company of Miami, Inc. v. Ryder Leasing, Inc., Fla.App. 1963, 151 So.2d 453, as authority for the proposition that it would be inequitable and unjust to allow the plaintiff to have payment of all sums due under the lease and at the same time have the use and benefit of the leased property. We find that Monsalvatge is clearly distinguishable on its facts.
On the matter of damages, however, there were no affidavits filed by the plaintiff as to reasonable value of the equipment which it repossessed and sold for the account of the defendants. In addition, the defendants' remaining point, that the court was required to reduce to "present money value" the amount of its award, is conceded by the plaintiff and is well taken by this court. Accordingly, we hold that the plaintiff is entitled to full damages, present and prospective, which were the necessary and direct result of the breach, reduced to present worth. We reverse the summary final judgment as to the amount of damages, and remand the cause to the trial court with directions to take testimony with reference to the award of damages.
Affirmed in part, reversed in part and remanded with directions.