## ZACK v. EAST MADEIRA CORPORATION
No. 81-2051-11
Sixth Judicial Circuit, Pinellas County

John T. Allen, Jr. co-counsel, for the defendants.
David A. Bacon co-counsel, for the defendants.
Georgory Paules, for the plaintiffs.

WILLIAM WALKER, Circuit Judge.

THE FOREGOING CAUSE came on to be considered upon defendant, EAST MADEIRA CORPORATION, d/b/a BAY PINES MARINA'S motion for summary judgment and the same having been argued by counsel for the respective parties and the Court having considered the affidavits, proof and prior rulings of the Court; the Court finds that the motion for summary judgment must be granted.

Plaintiffs have filed a second amended complaint in this case alleging that a boat owned by the plaintiffs was destroyed in a fire which occurred on May 2, 1980, in defendant's Marina. The second amended complaint confines its conclusionary allegations of negligence to "active" negligence due to this Court's order dismissing prior complaints upon the basis that due to the fact that there existed between the plaintiffs and defendant a licensor/licensee relationship, the only viable cause of action which could be alleged against the defendant Marina was one based upon active as opposed to passive negligence. The Court had previously found that passive negligence consisted, at least in part, of allegations concerning the condition of the premises of the Marina

which under law, as a licensee, the plaintiffs assumed, when they executed the License Agreement between the plaintiffs and the defendant.

Supplemental interrogatories filed by the plaintiffs which are based on hearsay indicate that fault is alleged on the part of the defendant as to having too small fire extinguishers on the premises, a lack of a City hydrant on the premises of the defendant, and the fact that the plaintiffs were of the opinion that an inspection of the various boats in the Marina should have been made by the defendant which possibly would have detected the fact that boat batteries of the respective licensees who stored their boats in the Marina were connected. The Court finds that the supplemental interrogatories are based on hearsay and opinion testimony which is not admissible upon summary judgment; however, the assertions made by the plaintiffs are helpful in defining the issues to be determined since the plaintiffs' complaint merely alleges active negligence with no recitation of ultimate facts as to what active negligence was claimed to have been committed by defendant on the date of the fire.

The affidavits on file show that on May 2, 1980, Billy Clark, an employee of the defendant, EAST MADEIRA CORPORATION, heard a big explosion which shook the entire Marina building. Upon inspection, Mr. Clark found that a boat owned by a Mr. and Mrs. Benton, who were also licensees, was completely on fire and melting fiberglass. The Benton boat was stored in the top bay of a line of bays which accommodated four boats in each bay. Mr. Clark emptied a substantial amount of fire extinguisher on the fire to no avail. At this point, flames started shooting everywhere and a number of boats, both to the side and below the Benton boat, became involved and the fire got out of control. The fire department was called immediately.

The affidavit of Chief Robert Genhold of the Seminole Fire Department is conclusive upon the question of liability. Chief Genhold, who is obviously qualified to render expert opinions, stated that there was no fire code violation on the date of the accident, that the fire started from a source other than that caused by the defendant, EAST MADEIRA CORPORATION, and that once the fire got started due to the large availability of petroleum products located on the boats and due to the boats' fiberglass construction, the fire went out of control. Chief Genhold flatly states that the fire could not have been stopped even if fire hydrants were installed near the building or other remedial measures taken. It would therefore appear that the uncontested facts in the record show that the defendant, EAST MADEIRA CORPORATION, neither started the fire which burned down the Marina, nor could any actions taken by employees of the EAST MADEIRA CORPORATION

have prevented the destruction of the entire Marina and in turn the boats which were stored under a License Agreement in the Marina. Accordingly, the allegations of negligence on the part of EAST MADEIRA CORPORATION are substantiated in the record and the Court finds that there has been no proof offered by the plaintiffs that the defendant, EAST MADEIRA CORPORATION, was negligent in any way.

The Court finds that the Storage Contract between EAST MADEIRA CORPORATION, as Licensor, and the plaintiffs was that of licensor/licensee. In the contract, the boat owners are granted a mere license to occupy a space in the Marina. The agreement does not grant *exclusive control* of the boat to the licensor. Only on two occasions is the licensor authorized to even touch the boat and that is when there is a need to move and/or operate the licensee's boat during the making of requested repairs or the moving of the boat into the water at the request of the licensor for normal marine operation. Additionally, the Storage Contract clearly evidences an intent upon the part of the parties for the licensee to assume all risks of fire arising out of or in connection with "the condition" "or the use of the licensed premises" while the boat is "on or about the premises of the licensor." Important to the Court's consideration is the specific assumption of the risk of fire by the licensee and the exoneration of the licensor by the licensee of liability for destruction of the boat by fire which is specifically stated in the License Agreement to be a "part of the consideration for this agreement."

The Storage Contract is not illegal nor is it ambiguous nor is there a claim of any ambiguity in the contract by the plaintiffs. The parties were free to execute, prior to the fire, any agreement that they chose for the storage of boats in the Marina. Clearly, both parties contemplated a licensor/licensee status with the assumption of risk of loss by fire being assumed by the licensee. Even under a strict construction and the acknowledged facts which are before the Court, the parties clearly intended that the licensee take the premises as the licensee found it, whatever the risk of fire or unsafe condition of the premises might be. This type of an agreement concerning the taking of the premises as the licensee finds it is common in the law where a licensor/licensee relationship exists. *Daniels v. Gardner,* (NY 1955) 146 N.Y.Supp.2d 599; *Lowery v. Rosenberg,* 147 So.2d 321 (Fla. 1st D.C.A. 1962).

One of the fundamental principles of freedom of contract prior to accident or injury to property is the consideration of costs and fees to be charged under the agreement. Here, the licensee signed the agreement agreeing to take the premises as they found it while exonerating the licensor for any loss as the result of fire. The licensor sought to limit its liability contractually and specifically made as a part of the agreement

and part of the *consideration of the agreement* the exculpatory provisions contained in the contract which relieve the defendants from liability. No doubt, the amount charged for the Storage Contract bore directly upon the agreement between the parties since the licensee agreed to take the premises as they found it and assumed risk of loss by fire. Had this not been the agreement, obviously, the amount charged for the license or storage of the vessel would have been much greater.

The Court is required to determine the intent of the parties and construe the agreement to determine as a matter of law the type of agreement executed between the parties. The Court has construed the agreement as one of license agreement creating a legal relationship of licensor/licensee and therefore finds as a matter of law that the only basis upon which claimed negligence against the defendant, EAST MADEIRA CORPORATION, may be asserted is active negligence. The duty owed to a licensee by a licensor is to refrain from wanton negligence or willful misconduct that would injure the person or property of the licensee or to refrain from intentionally exposing the licensee to danger. *Stewart v. Texas,* 67 So.2d 653 (Fla. 1953). No duty is imposed by law upon a licensor to keep his premises in a safe condition for a licensee and generally speaking, a licensee on entering the premises assumes whatever risk of injury there may be in the condition of the property as would a trespasser. *City of Boca Raton v. Mettef,* 91 So.2d 644 (Fla. 1956); *Daniels v. Gardner,* 146 N.Y.Supp. 2d 599 (NY 1955). This is entirely consistent with the clear and unambiguous terms of the Storage Contract between the parties. The parties to the agreement were clearly competent to contract as to the legal duties and responsibilities assumed by each. *Century Federal Savings & Loan Association v. Madorsky,* 353 So.2d 868 (Fla. 1st D.C.A. 1978). If, as in the case at bar, the parties wish to agree that their relationship would be that of only licensor/licensee, that the licensee would assume the risk of the condition of the premises and risk of fire, then after the occurrence of a fire, the licensee cannot be heard to complain that the licensor breached or violated a duty not assumed by the licensor in the agreement. It is fundamentally contrary to the principles of law to attempt to change the obligations of a party to a contract after the fact and after a loss has occurred. *Steiner v. Physicians Protective Fund,* 388 So.2d 1064 (Fla. 3rd D.C.A. 1980); *Lane, Gelety, Woolsey and Centrone, P.A., Inc. v. Woolsey,* 377 So.2d 743 (Fla. 4th D.C.A. 1979). Therefore, only active negligence may be asserted against the defendant, EAST MADEIRA CORPORATION as licensor.

The plaintiffs have failed to file any opposing affidavit to rebut the uncontested evidence filed by the defendant, EAST MADEIRA CORPORATION, that it was totally free of any negligence (whether

active or passive). Under the law of the State of Florida and the circumstances of this case, the entry of summary judgment is mandatory. *Latour Auto Sales, Inc. v. Stromberg-Carlson Leasing Corporation,* 335 So.2d 600 (Fla. 3rd D.C.A. 1976).

The existence of fire extinguishers upon the premises as well as whether or not there were any hydrants on the premises fall within the category of passive negligence and therefore, since the plaintiffs as licensees took the premises as they found it, such assertions would not constitute a basis for a viable cause of action against the defendant, EAST MADEIRA CORPORATION. The evidence in this case shows that an adequate fire extinguisher was utilized but, because of the nature of the fire, was unable to extinguish the fire. Due to the nature of the fire — the fire spread in an uncontrollable fashion due to petroleum products in the Marina. The spread of this fire was not the fault of the defendant, EAST MADEIRA CORPORATION. Then, too, the alleged lack of hydrants on the premises is not a viable allegation under any circumstance. EAST MADEIRA CORPORATION does not have a duty to provide fire hydrants which is the sole responsibility of the county or city municipality in which the Marina was located. A supplying of hydrants is a governmental function which, as a matter of law, cannot be placed upon the legal shoulders of the defendant.

As to the assertion that inspection of the boat should have been made, it is clear that under the licensor/licensee agreement (Storage Contract), EAST MADEIRA CORPORATION, was not responsible for the internal condition of the Benton boat. Again, the Storage Contract only provides that EAST MADEIRA CORPORATION could handle the Benton boat only under the conditions of moving the boat for use by the Bentons or authorized repair. Therefore, the Storage Contract which was common to both the plaintiffs Zack and the Bentons has the legal effect of excluding any duty on the part of EAST MADEIRA CORPORATION to see to it that the boats in the marina were properly maintained and all lines to batteries were disconnected upon storage.

As previously stated, the Court finds that it must grant summary judgment in this case. Thus, the Court further finds that final judgment should therefore be entered accordingly. It is, therefore,

ORDERED AND ADJUDGED that final judgment be and the same is hereby entered for the defendant, EAST MADEIRA CORPORATION, d/b/a BAY PINES MARINA, and against the plaintiffs, MELVIN ZACK and BARBARA ZACK, and that plaintiffs take nothing by their suit and defendant, EAST MADEIRA CORPORATION, d/b/a BAY PINES MARINA, go hence without day.