873 So.2d 1280 (2004)
Katie SHREFFLER, Appellant,
v.
Marc J. PHILIPPON, M.D., Holy Cross Hospital, Inc., d/b/a Holy Cross Medical Group, Holy Cross Hospital, Inc., d/b/a Holy Cross Hospital, Holy Health Corporation, d/b/a Holy Cross Hospital, Inc., and Smith & Nephew, Inc., Appellees.
Nos. 4D03-150, 4D03-1573.
District Court of Appeal of Florida, Fourth District.
June 2, 2004.
*1281 Sheldon J. Schlesinger of Sheldon J. Schlesinger, P.A., Fort Lauderdale, Edna L. Caruso and Diran V. Seropian of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Gary L. Sanders and Susan J. Cole of Bice Cole Law Firm, P.L., Ocala, for appellee Smith & Nephew, Inc.
GROSS, J.
Katie Shreffler appeals a final summary judgment in favor of appellee, Smith & Nephew, Inc., on a products liability claim.
We reverse, because when viewed in the light most favorable to Shreffler, the record reflects a genuine issue of material fact as to whether the shavers at issue caused injury to her.
On July 28, 1999, Shreffler filed a complaint against Marc J. Philippon, M.D., and his employer, Holy Cross Hospital, Inc., alleging that the orthopedic surgeon had negligently injured her. On November 14, 2000, Shreffler filed an amended complaint adding Smith & Nephew, Inc. as a defendant, because it had manufactured the motorized shavers that Dr. Philippon used during Shreffler's hip arthroscopy.
Count V of the amended complaint asserted a cause of action against Smith & Nephew for the negligent design, manufacture, and distribution of the motorized shavers, which had allegedly broken during the hip surgery. Count VI of the amended complaint asserted a strict liability cause of action, alleging that the motorized shavers used during the hip arthroscopy were unreasonably dangerous and/or defective.
A contested issue was whether the two motorized shavers were inside of Shreffler's hip joint at the time they broke apart. This is the issue that the trial judge identified at the summary judgment hearing as being the "big question" in ruling on the motion.
"A trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law. All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available." Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002) (citation omitted). The standard of review of an order granting summary judgment is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
Dr. Philippon's post-surgical operative report, when read in the light most favorable to Shreffler, suggests that the shavers broke inside of the hip joint. A jury could view the doctor's later contradictory testimony as a self-serving attempt to deflect liability away from himself. We conclude that summary judgment was inappropriate without considering orthopedic surgeon Dr. Goodman's affidavit filed by Shreffler in opposition to summary judgment. We leave it to the trial court to consider and rule on the sufficiency of Dr. Goodman's qualifications to give the opinion expressed.
In light of our ruling on the final summary judgment, we also reverse the award of fees and taxable costs entered pursuant to an offer of judgment.
REVERSED AND REMANDED.
WARNER and HAZOURI, JJ., concur.