On Motion for Rehearing

WARNER, J.
We withdraw our prior opinion and substitute the following in its place. The trial court entered a final summary judgment in favor of appellees, Richard and Marie Sli-chter, on a complaint alleging that the appellants, Dave and Ethel Schneider, tendered two “bad checks” to purchase a business. The affidavits, together with the bank statements, indicate that a material issue of fact remains. We therefore reverse.
The case involves the sale of a business appellants purchased from appellees. As part of the deal, Dave Schneider tendered a cashier’s check and two personal checks written from separate accounts.
*300 Appellee, Richard Slichter, stated that he went to Dave Schneider’s bank to cash the checks written by Schneider to him and was told .by the teller that there were insufficient funds for the checks to be cashed. Slichter then deposited the checks in his own account, and they were returned several days later. They were not marked as being returned for insufficient funds.
Dave Schneider filed an affidavit with a copy of a check attached, which shows that he deposited sufficient funds in his accounts on December 22, 1999, the day before Slichter tried to cash the checks. The check he deposited was his own bank’s check, which had been drawn on a separate account. Schneider said that after he deposited the funds, he issued a stop payment order on the checks to Slichter because of disputes about the purchase of the business.
Another affidavit from a bank representative stated that it is unclear why the checks to Slichter were dishonored the next day, if they were, as there were sufficient funds in the account. This is consistent with section 674.1081(2), Florida Statutes (1999), which provides that a deposit receipt received after 2 p.m. may be treated as being received at the opening of the next banking' day. Thus, if Schneider’s check was received by the bank on December 22, it should have been credited prior to Slichter’s presentment of the checks.
To the contrary of the foregoing, Richard Slichter swore that he presented the personal checks at a branch of the drawee bank on December 23, 1999, but the bank refused to cash the checks due to insufficient funds. In moving for summary judgment on the section 68.065, Florida Statutes, bad check claim, the appellees, plaintiffs below, filed the affidavits of Richard Slichter and his friend, both attesting to the fact that they attempted to cash the checks on the morning of December 23, 1999. Attached to the motion were copies of the personal checks that showed a date stamp of December 23, 1999 on the back. Also attached to the motion were bank records that showed “balance by date” for the two accounts as having insufficient funds on December 23, 1999.
“A trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law.” Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002); see also Shreffler v. Philippon, 873 So.2d 1280, 1281 (Fla. 4th DCA 2004) (quoting Reeves, supra).
There is a disputed issue of material fact as to whether there were sufficient funds in Schneider’s accounts, and as to whether Slichter presented the checks for collection before Schneider issued a stop payment order. There is no written notice of dishonor of the checks other than the deposit of the checks in Slichter’s account and their subsequent return by the bank.
These issues deserve a trial on the merits. Reversed.
POLEN, J., concurs.
GUNTHER, J., dissents with opinion.