GUNTHER, J.,
dissenting.
I respectfully dissent.
Appellants seek review of a summary judgment entered in favor of appellees on their bad check claim básed on a violation of section 68.065, Florida Statutes.
The case involves the sale of a business appellants purchased from appellees. As part of the deal, Dave Schneider tendered a cashier’s check and two personal checks written from separate accounts. Richard *301 Slichter averred that he presented the personal cheeks at a branch of the drawee bank on December 23, 1999, but the bank refused to cash the checks due to insufficient funds.
In moving for summary judgment on the section 68.065 bad check claim, the appel-lees, plaintiffs below, filed the affidavits of Richard Slichter and his friend, both attesting to the fact they attempted to cash the checks on the morning of December 23, 1999. Attached to the motion were copies of the personal checks that showed a date stamp of December 23, 1999 on the back. Also attached to the motion were bank records that showed “balance by date” for the two accounts as having insufficient funds on December 23,1999.
In opposition to the motion, the appellants attached affidavits from Dave Schneider, the maker of the checks, and Rosa Savery, the records custodian for the drawee bank. Also attached was a copy of an “official bank check” which Schneider alleged was deposited into his two accounts to cover the personal checks. The “official bank check” shows a date of creation of December 22, 1999, but does.not reveal any legible date of deposit. Moreover, the bank records do not indicate that this check had been deposited by December 23, 1999.
“A trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law.” Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Pla. 4th DCA 2002); see also Shreffler v. Philippon, 873 So.2d 1280, 1281 (Fla. 4th DCA 2004) (quoting Reeves, supra). The relevant portion of that rule, for the disposition of the instant case, is the term “material.” Courts may “pierce the curtain of the paper issues” and grant summary judgment where genuine issues of material fact do not appear. See generally McClendon v. Key, 209 So.2d 273, 276-77 (Fla. 4th DCA 1968).
A civil action pursuant to section 68.065, Florida Statutes requires proof that: (a) a check was made and delivered to the plaintiff and (b) the “payment was refused by the drawee bank because of the lack of funds.” § 68.065(1), Fla. Stat.[1] In the instant case, there is no genuine dispute as to whether two checks were made by Dave Schneider or were delivered to Richard Slichter or his agent. The only issue is whether there is a genuine dispute that payment was refused by the drawee bank because of insufficient funds on December 23,1999.
The affidavits filed by Slichter, the copies of the deposited checks, and the bank records indicate that there is no dispute that Slichter received two checks made by Schneider and that the payments on the checks were refused by the bank for insufficient funds. Thus, the motion and attachments were enough to trigger Schneider’s responsibility to present credible evidence to the contrary. See generally Harvey Bldg., Inc. v. Haley, 175 So.2d 780, 782-83 (Fla.1965) (“If the moving party presents evidence to support the claimed non-existence of a material issue, he will be entitled to a summary judgment unless the opposing party comes forward with some evidence which will change the result — that is, evidence sufficient to generate an issue on a material fact.”); Latour Auto Sales, Inc. v. Stromberg-Carlson Leasing Corp., 335 So.2d 600, 601 (Fla. 3d DCA 1976) (once a movant “sustains his *302 initial burden of proof, the opponent then has the burden of coming forward with evidence establishing genuine material factual issues.”) (citing Harvey Bldg., supra).
The record reveals that Schneider failed to provide the necessary credible evidence that would create a genuine issue of material fact. Nothing in Schneider’s own affidavit conclusively avers that the account had sufficient funds on the morning of December 23, 1999, the time Slichter presented the checks to the bank. While Schneider avers that he deposited the official bank check on December 22, 1999 after 2:00 p.m. and suggests that this means sufficient funds should have been in the account by the next morning, this does not lead to a reasonable inference that there were, in fact, sufficient funds in the account at the time and date Slichter attempted to cash the checks. This is particularly so in light of the fact that the bank records indicate no such sufficient funds were available in the account on that date. The affidavit of the records custodian is equally ineffective, as her attestation of sufficient funds does not pinpoint any specific date or time and her affidavit is riddled with conjecture and supposition. Specifically, the custodian states “if’ Schneider deposited the official check on December 22, 1999, there should have been sufficient funds. The affidavit of the records custodian does not provide any tangible support that the official bank check was, in fact, deposited at any specific date or time. Nothing in the affidavit of Schneider or Savery, the records custodian, offers credible evidence that there were sufficient funds in the account when Slichter presented the checks to the draw-ee.
I conclude Slichter sustained his burden to show entitlement to summary judgment on this claim and that the record evidence presented by Schneider in opposition failed to establish a genuine issue of material fact.

. The statute also allows for a civil cause of action where the check is presented with sufficient funds but the maker "stops payment on the check ... with intent to defraud.” § 68.065(1), Fla. Stat.