NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

INFRAX SYSTEMS, INC.,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　　　Appellant,　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　　）　　　Case No: 2D13-3228
　　　　　　　　　　　　　　　　　　　）
PIERCE GLEN WOOD,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　　　Appellee.　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）

Opinion filed January 7, 2015.

Appeal from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Craig A. Huffman, Tampa, for Appellant.

J. Emory Wood of J. Emory Wood, P.A.,
St. Petersburg, for Appellee.


WALLACE, Judge.

After a bench trial, the trial court entered a money judgment in favor of

Pierce Glen Wood and against Infrax Systems, Inc. (Infrax).[1]  The amount of the

judgment is $68,575.38.  On Infrax's appeal from the judgment, we reverse the portion

of the judgment representing treble damages and processing fees awarded under

---

[1]In the final judgment, the trial court ruled that Mr. Wood was entitled to an
award of attorney's fees and reserved jurisdiction to determine the amount of a
reasonable attorney's fee and costs.

section 68.065, Florida Statutes (2011), because there was no presentment and dishonor of the checks at issue.

Mr. Wood was an employee of Infrax. A portion of the judgment amount comprises wages and unreimbursed business expenses due from Infrax to Mr. Wood. The major portion of the judgment amount represents treble damages and processing fees awarded under section 68.065 for checks delivered by Infrax to Mr. Wood that were not paid.

With regard to the claim arising from the checks delivered by Infrax to Mr. Wood, the analysis is straightforward. Mr. Wood never presented the checks to the bank upon which they were drawn for payment; thus the checks were not dishonored. See §§ 673.5011; 673.5021, Fla. Stat. (2011). It follows that Mr. Wood was not entitled to claim treble damages or processing fees on the checks in accordance with section 68.065. See Schneider v. Slichter, 917 So. 2d 299, 301 (Fla. 4th DCA 2005) (Gunther, J., dissenting) ("A civil action pursuant to section 68.065, Florida Statutes requires proof that: (a) a check was made and delivered to the plaintiff and (b) the 'payment was refused by the drawee bank because of the lack of funds.' "); Tepper v. Citizens Fed. Sav. & Loan Ass'n, 448 So. 2d 1138, 1140 (Fla. 3d DCA 1984) ("The normal conditions precedent [to a drawer's liability on an instrument] include presentment to the drawee, dishonor, and notice of dishonor."). Where, as in this case, the payee merely inquires of the drawee bank concerning whether there are sufficient funds in the drawer's account to cover a check, there is no presentment. See Hart v. Sims, 702 F.2d 574, 578 n.7 (5th Cir. 1983); Kirby v. Bergfield, 182 N.W.2d 205, 208 (Neb. 1970); Ford v. Hagel, 920 P.2d 260, 263 (Wash. Ct. App. 1996).

However, Mr. Wood did present sufficient evidence at the hearing to establish Infrax's liability on his unreimbursed business expenses claim and a portion of his wage claim.[2]  Accordingly, we reverse the final judgment and remand this case to the trial court for the entry of an amended final judgment in favor of Mr. Wood and against Infrax limited to the unpaid wages proven at the final hearing of $26,228.95[3] and unreimbursed business expenses of $5733, together with prejudgment interest on these amounts.  On remand, the trial court may also consider and enter an award of attorney's fees and costs in favor of Mr. Wood in accordance with its reservation of jurisdiction.

Reversed and remanded with directions.

CASANUEVA and SLEET, JJ., Concur.

---

[2]Mr. Wood also pleaded a claim for $1386 in earned sales commissions. However, he did not introduce any evidence regarding this claim at the final hearing.

[3]This figure includes $1346.83 in net pay for five pay periods and $1499.60 in net pay for thirteen pay periods.